CLABORN *v.* STATE.

Opinion delivered November 30, 1914.

1. CRIMINAL PROCEDURE—DEFENDANT AS WITNESS.—Even after an indictment is found, the person charged can not be made a witness in the trial except at his own request.

2. CONFESSION—WHEN NOT EVIDENCE.—A confession of guilt can not be used in evidence against a person charged with a crime unless it is first shown that such confession was freely and voluntarily made.

3. CONFESSION—EVIDENCE—ADMISSIBILITY.—A confession, unless made in open court, will not warrant a conviction unless accompanied by other proof that the offense was committed.

4. PERJURY—INDICTMENT—ALLEGATIONS.—An indictment for perjury based upon alleged false swearing in a criminal proceeding pending before the grand jury against the person himself giving the alleged false testimony, is fatally defective unless it alleges that

the accused voluntarily appeared before the grand jury to give the testimony upon which the indictment for perjury is predicated.

Appeal from Sevier Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

### STATEMENT BY THE COURT.

Appellant appeals from a judgment of conviction for the crime of perjury. The indictment, omitting the caption, is as follows:

"The said Oscar Claborn, in the county and State aforesaid, on the 27th day of January, 1914, on his examination as a witness before the grand jury, duly selected, impaneled, sworn and charged, to inquire in and for the body of the county of Sevier, at the January, 1914, term of the circuit court of said county, to which said grand jury R. A. Gilliam was duly appointed foreman and duly authorized and empowered to administer oaths to witnesses before said grand jury; the said Oscar Claborn was duly sworn to testify the truth, the whole truth and nothing but the truth, by the said R. A. Gilliam, as foreman of said grand jury, as aforesaid, on the examination of a certain matter, and charge by the State of Arkansas against the said Oscar Claborn for carrying concealed weapons in the said county of Sevier on or about the 10th December, 1913, then pending before the grand jury aforesaid; the said Oscar Claborn feloniously, wilfully, falsely and corruptly testified that he did not have a pistol in his possession, on his person, nor on his saddle, or in his slicker at the dance given at the residence of George Priddy, in said county, on said date; the matter so testified to being material matter, and the said testimony being wilfully and corruptly false, the said truth being that the said Oscar Claborn did have in his possession a pistol at said time and place, unlawfully against the peace and dignity of the State of Arkansas."

The appellant demurred to the indictment, on various grounds, among which is the following:

"11. That the indictment contains matter which is a legal defense and a bar to the prosecution in that the

indictment states that the defendant, Oscar Claborn, was sworn to testify before the grand jury, on the examination of a certain matter, a charge of the State of Arkansas against himself, and that said testimony, if given by Oscar Claborn before said grand jury, can not be used against him, and is a bar to the prosecution of a charge of perjury growing out of said evidence given by him.''

The court overruled the demurrer, and appellant duly excepted to the ruling. He was tried and convicted, and alleges as the first ground of his motion for a new trial that the court erred in overruling the demurrer. The motion for a new trial was overruled, and appellant duly prosecutes this appeal.

*Elmer J. Lundy,* for appellant.

This is a ''criminal case'' within the meaning of the Constitution, and appellant's testimony before the grand jury could not be used against him. Const. Ark., § 8, art. 2; 142 U. S. 547.

The fact that his own testimony is the basis for the prosecution appears from the indictment, and a demurrer was proper and should have been sustained. Kirby's Dig., § 2286, sub-div. 5; 13 Ark. 307; 80 Fed. 374; 81 Fed. 853.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Appellant was advised of his rights by the prosecuting attorney, and put on notice that if he testified falsely before the grand jury, he would be liable to indictment for perjury. There is nothing in the record to show that he was forced to incriminate himself before the grand jury, but, on the contrary, he was advised that he did not have to do so. His testimony was voluntary, and he can not now be heard to complain.

WOOD, J., (after stating the facts). Section 2286 of Kirby's Digest provides: ''A demurrer is proper * * * *Fifth.* Where the indictment contains matter which is a legal defense or a bar to the prosecution.''

Here the indictment shows that a charge by the State of Arkansas against Oscar Claborn was pending before the grand jury, "and that the said Oscar Claborn was duly sworn to testify the truth, etc., concerning such charge."

Article 2, section 8, of our Constitution provides: "Nor shall any person be compelled in any criminal case to be a witness against himself."

This language of our Constitution is similar to the language on this subject contained in the Fifth Amendment to the Constitution of the United States. The Supreme Court of the United States, in *Counselman* v. *Hitchcock*, 142 U. S. 547-562, said: "This provision must have a broad construction in favor of the right which it was intended to secure. The matter under investigation by the grand jury in this case was a criminal matter, to inquire whether there had been a criminal violation of the interstate commerce act. If Counselman had been guilty of the matter inquired of in the question which he refused to answer, he himself was liable to prosecution under the act. The case before the grand jury was therefore a criminal case. * * * The object was to insure that a person should not be compelled, when acting as a witness in any investigation, to give testimony which might tend to show that he himself had committed a crime." The court, after a review of the decisions of State courts construing similar provisions, held (quoting syllabus) that, "It is a reasonable construction of the constitutional provision that the witness is protected from being compelled to disclose the circumstances of his defense or the sources from which or the means by which evidence of its commission or of his connection with it may be obtained." See *State* v. *Quarles*, 13 Ark. 307; *United States* v. *Edgerton*, 80 Fed. Rep. 374; *United States* v. *Bell*, 81 Fed. Rep. 853.

In the latter case, the following language was used, which we approve, towit: "The right to protection is paramount to any public policy or necessity for punishing false swearing, and, like all other desirable ends in

government and all other public policies, this must yield to a constitutional guaranty which protects the citizen against invasion of his privilege. The public policy of protecting him is as much cherished by English and American sentiment as is that which insists on the purity of oaths.''

Even after an indictment is found, under our statute the person charged can not be made a witness in the trial except at his own request. Kirby's Digest, § 3088. A confession of guilt can not be used in evidence against a person charged with a crime unless it is first shown that such confession was freely and voluntarily made. See *Dewein* v. *State,* 114 Ark. 472. A confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied by other proof that the offense was committed. Kirby's Digest, § 2385.

A procedure compelling one to accuse or convict himself of crime is contrary to the genius of modern criminal jurisprudence and harks back somewhat to the spirit and methods of the Spanish inquisition. Our Constitution, statutes and decisions show clearly that it is the policy of our laws to protect all persons from criminal proceedings of any character based upon evidence obtained from the persons themselves, unless such evidence has been freely and voluntarily given.

An indictment for perjury based upon alleged false swearing in a criminal proceeding pending before the grand jury against the person himself giving the alleged false testimony, is fatally defective unless it alleges that the accused voluntarily appeared before the grand jury to give the testimony upon which the indictment for perjury is predicated. No such allegations are contained in the indictment under review, and it therefore fails to charge a public offense.

For the error of the court in overruling the demurrer the judgment will be reversed and the cause remanded, with directions to sustain the same.