STATE *v.* ROBERTS.

Opinion delivered April 25, 1921.

1. CRIMINAL LAW—TIME OF APPEAL.—On appeal of the State from a judgment sustaining a demurrer to an indictment for perjury, though the transcript fails to show the date of the judgment, yet where the opening order of court was dated January 3, 1921, and the transcript was filed in the Supreme Court on March 4 following, the appeal was in time.

2. CRIMINAL LAW—CONTENTS OF TRANSCRIPT ON APPEAL.—Rule 20 of the Supreme Court, prescribing the form of transcript in criminal cases, is inapplicable on appeals in criminal cases by the State, so far as it requires the inclusion of things specified in advance of the indictment, where the State is seeking merely to test the correctness of the judgment sustaining the demurrer to the indictment without bringing up the antecedent proceedings.

3. PERJURY—INDICTMENT—FORM OF OATH.—It is unnecessary, in an indictment for perjury to set forth the form of the oath, it being sufficient merely to allege in general terms that the accused was duly sworn, or sworn in accordance with law.

4. PERJURY—INDICTMENT.—An indictment for perjury which alleges in substance, though not in orderly form or apt terms, that defendant, being duly sworn before the grand jury, was asked whether on a certain day he gave a half-gallon jar of whiskey to one W., to which he answered "No", and that such answer was material and was wilfully, unlawfully and corruptly false, was sufficiently definite to put the accused on notice.

5. PERJURY—INDICTMENT—CHARGE OF MATERIALITY OF TESTIMONY.—An indictment for perjury on account of having sworn falsely before the grand jury touching violations of the liquor law was sufficient in charging that the alleged false testimony was material, without alleging facts showing the materiality of such testimony.

6. PERJURY—INDICTMENT—VOLUNTARY .TESTIMONY.—An indictment charging perjury before the grand jury in its investigation of violations of the liquor laws was not defective for failing to charge that defendant voluntarily appeared before the grand jury and gave the testimony alleged to be false, as the statute (Crawford & Moses' Dig., § 3122) protects him from the use of his own testimony in the prosecution of a charge against himself.

Appeal from Sharp Circuit Court; *J. B. Baker,* Judge; reversed.

*J. S. Utley,* Attorney General, and *Elbert Godwin,* Assistant, for appellant.

1. The indictment is not defective, and it was error to sustain the demurrer to it. An indictment for perjury is sufficient when it alleges that the alleged perjured testimony was material, but does not *specify how it was material.* 110 Ark. 549; 97 *Id.* 203. In an indictment for perjury the false testimony for which the defendant is indicted may be shown by the indictment to be material, either by direct averment or by allegations from which the materiality appears. *The rule of pleading is satisfied by a direct averment and with that the question of materiality becomes one of proof of that averment.* It is only where there is no averment of materiality that the indictment is insufficient unless it alleges the facts from which the law infers the materiality. 152 Mass. 577; 110 Ark. 553; 137 Cal. 263; 35 Mich. 491; 182 Ill. 278; 1 Russell on Crimes (1896) 354; 30 Cyc. (Law and Proc.) 1435; 91 Ark. 200-3.

2. The indictment states facts sufficent to give the court jurisdiction of the person of defendant.

3. The indictment is not ambiguous or too indefinite and uncertain. The facts alleged are sufficiently definite, as the indictment contains allegations of the facts constituting the offense in ordinary and concise language such as to enable a person of common understanding to know what is intended, and is sufficient. 73 Ark. 487; 77 *Id.* 321; 93 *Id.* 406; 94 *Id.* 65; 33 Cyc. 1440; C. & M. Digest, § 3028.

4. The indictment alleges that defendant was *duly sworn,* and the demurrer admits it. 17 Ark. 332. It is not necessary to enter upon the record the form of the oath; it is sufficient if it shows that he was *duly sworn.* 34 Ark. 257. See, also, 21 St. Enc. of Proc. 320-1.

5. Defendant can not complain of the failure of the indictment to allege that he voluntarily appeared as a witness before the grand jury or whether he appeared in obedience to a subpoena. C. & M. Digest, § 2588. The indictment is sufficient if the offense is charged in the language of the statute or of similar import. 39 Ark. 216; 40 *Id.* 361; 47 *Id.* 476; 49 *Id.* 499; 71 *Id.* 80; 72 *Id.* 382.

6. The indictment shows and alleges in what particulars the alleged statements were false and how they were material. The rule is satisfied by a direct averment, and the question of materiality becomes one of proof. 91 Ark. 203.

7. The materiality of the testimony is sufficiently alleged. 91 Ark. 203. See, also, 21 St. Enc. of Proc. 322-3.

8. The indictment does allege as a *matter of law* that the statements were unlawfully and feloniously and wilfully and corruptly false. 91 Ark. 200; 110 *Id.* 554.

*David L. King,* for appellee.

1. Appellant has failed to file the transcript in time as prescribed by law, and it does not comply with the rules of this court. See rules 9, 14 and 18. The transcript was not lodged in this court in sixty days. 29 Ark. 115; 87 *Id.* 17; 94 *Id.* 368.

2. The indictment is defective in not alleging the materiality of the false oath. False swearing about immaterial matters is not perjury. 64 Ark. 474; 61 *Id.* 599. Every material fact to constitute the crime must be alleged in ordinary and concise language so as to enable a person of common understanding to know what is charged. 29 Ark. 165; 38 *Id.* 519; 43 *Id.* 43; 67 *Id.* 308.

3. The indictment is ambiguous, vague and uncertain. It must be definite and certain. It does not allege that the grand jury were sworn according to law. C. & M. Digest, § 2979; 10 Ark. 607; 13 Allen 554; 23 N. J. L. 49; 1 Black 359; 12 Am. St. Rep. 905; 39 Ark. 180. .

4. The indictment is insufficient in its allegations as to the crime.

McCULLOCH, C. J. The State appeals from a judgment of the circuit court of the Northern District of Sharp County sustaining a demurrer to an indictment against David E. Roberts for the crime of perjury, alleged to have been committed by giving false testimony before the grand jury of said county in regard to certain matters then under investigation. The indictment, omitting the caption, reads as follows:

"That the said David E. Roberts, in the county and State aforesaid, on the 14th day of July, 1920, then and there on said day at the courthouse at Hardy, Sharp County, Arkansas, being the time and place for the holding of the regular summer term of the circuit court of the Northern District of Sharp County, Arkansas, in July, 1920, the Hon. J. B. Baker, the regular judge of said court, being then and there presiding, and said court then and there duly organized, and said term of said court then and there beginning, and Noel Arnold and fifteen other men having been duly selected and examined on their oath as the law provides, and found competent and qualified as grand jurors, were duly empaneled by said court as grand jurors, by said court, as the grand jury of the said term, and said grand jury was then and there duly instructed as to their duties and charged concerning the criminal laws of the State of Arkansas, and the said Noel Arnold was then and there appointed as foreman of said grand jury and the said grand jury then and there retired to the grand jury room of said courthouse to consider of and perform their duties, and while said grand jury as a body was then and there performing their duties, and said David E. Roberts ap-

peared as a witness before said grand jury on the 14th day of July, 1920, and it became material and within the duty and jurisdiction of said grand jury to inquire of the said David E. Roberts concerning the storing, having, procuring and giving away of certain intoxicating liquors in the town of Hardy, the Northern District of Sharp County, Arkansas, during the month of April, 1920, and the said David E. Roberts did then and there take his corporal oath and was then and there duly sworn as a witness before said grand jury, and said oath then and there duly administered to the said David E. Roberts by the said Noel Arnold, the foreman of said grand jury, who was then and there authorized by law to administer said oath, and after being so sworn and taking said oath the said David E. Roberts did then and there before and in the presence of said grand jury upon the investigation concerning the sale, storing, having and giving away of intoxicating liquor at Hardy, in the Northern District of Sharp County, Arkansas, and being asked if he, the said David E. Roberts, and Jim Wiseman did go to the stock pen in the town of Hardy, Arkansas, on the Sunday night that one Owen Billingsley died in April, 1920, where you, the said David E. Roberts, got one half-gallon fruit jar containing some whiskey and gave it to Jim Wiseman, the said David E. Roberts answered "No," which statement and testimony by the said David E. Roberts in the investigation of the aforesaid was material in the investigation aforesaid, and which statements and answers so made and testified to by the said David E. Roberts as aforesaid were feloniously, wilfully, unlawfully and corruptly false, and known by the said David E. Roberts to be feloniously, wilfully, unlawfully and corruptly false when he, the said David E. Roberts, so made them, against the peace and dignity of the State of Arkansas."

The question first presented is whether or not the State has appealed within the time prescribed by statute—within sixty days after the judgment. The transcript fails to show the date of the judgment, but it does

contain the opening order of court on January 3, 1921, and the transcript was filed in the office of the clerk of this court on March 4, by the Attorney General, which was the sixtieth day after the judgment. The appeal was therefore in time.

It is next contended that the transcript is not complete under rule 20 of this court, which prescribes the form of transcript in criminal cases. This rule provides that in criminal cases the transcript "shall begin with the return of the indictment into court, unless a motion shall have been made to set aside the indictment, in which case the proceedings empaneling the grand jury shall also be copied in the transcript," and that this should be followed by "the indictment, the pleadings by the defendant and subsequent proceedings, as in civil cases." This rule is inapplicable on appeals in criminal cases by the State, so far as it requires the inclusion of things specified in advance of the indictment to which the demurrer has been sustained. The State has a right to test the correctness of the judgment sustaining the demurrer without bringing up the antecedent proceedings, unless the demurrer or other pleading challenges the authenticity and regularity of the indictment.

We proceed then to an examination of the indictment to determine whether or not it is sufficient.

One of the grounds urged by counsel for the accused for sustaining the demurrer is that the indictment does not set forth the form of the oath, but merely states that the accused was "duly sworn as a witness before said grand jury," and that the testimony was given by the accused "after being so sworn and taking said oath." It is unnecessary, in an indictment for perjury, to set forth the form of the oath, it being sufficient merely to allege in general terms that the accused was duly sworn, or sworn in accordance with law. 21 Standard Encyclopedia of Procedure, p. 320. We have held that where the sufficiency of the record in regard to the swearing of the jury is challenged, it is sufficient merely to present a record showing that the jury was duly sworn. *Greenwood* v.

*State,* 17 Ark. 332; *Anderson* v. *State,* 34 Ark. 257. The same rule applies to an allegation concerning the oath of the accused in a perjury case.

The next ground urged is that the indictment is vague and ambiguous and fails to specifically set forth the matter about which the accused is charged with having sworn falsely. It must be conceded that the indictment is not framed in orderly form or in very apt terms, but it is sufficient under the statute if it contains a statement of facts "in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended." Crawford & Moses' Digest, § 3028. The substance of the charge set forth in the indictment is that in his examination before the grand jury the accused was asked whether or not he had on a certain occasion accompanied one Jim Wiseman to a place mentioned, and then and there procured a jar containing whiskey and gave it to Wiseman, and that the accused falsely and corruptly answered in the negative. It is expressly alleged that the testimony so given was material to the inquiry then being pursued by the grand jury. The gist of the inquiry, as set out in the indictment, concerned the "sale, storing, having and giving away intoxicating liquor" and the alleged answer of the accused expressed a negative answer to the question propounded to him concerning his procurement of such liquor at the time and place and under the circumstances mentioned. We think that the allegations were sufficiently definite to put the accused on notice and to constitute a specific charge of perjury in regard to material matters.

The next question argued is whether or not the indictment is sufficient to charge the materiality of the false testimony. The law is settled in this State that in framing an indictment for perjury it is not essential to set forth facts which show the materiality of the false testimony, and that it is sufficient if the indictment contains an express statement that the false testimony is

material. *Smith* v. *Smith,* 91 Ark. 203; *Loudermilk* v. *State,* 110 Ark. 553.

Lastly, it is said that the indictment is defective in that it fails to charge that the accused appeared before the grand jury and voluntarily gave the testimony set forth in the indictment. Counsel rely, as sustaining this position, on the decision of this court in the case of *Claborn* v. *State,* 115 Ark. 387. In that case, however, the indictment charged that the testimony before the grand jury was given in an examination on a charge against the defendant himself. The court held that under those circumstances the indictment, in order to set out the offense of perjury, must contain an allegation that the accused voluntarily gave the tesimony. The gist of the charge there was that the accused gave false testimony in a case against himself, and we held that in order to constitute a charge of perjury under those circumstances it must affirmatively appear that he waived the privilege of refusing to give testimony which would incriminate himself. The charge, in the present indictment, presents altogether a different question. There is no charge, as in the Claborn case, that an accusation against this defendant was under investigation. Therefore, it was unnecessary to set forth the waiver of his privilege. Under our statutes the grand jury has general inquisitorial powers without being confined to any particular matters submitted for investigation, and, according to the allegations of the complaint in this case, the grand jury was pursuing such investigations in propounding the inquiry to the defendant. The question propounded might or might not have elicited information incriminating the defendant himself. But he could not refuse to answer on that ground, for the reason that the statute protects him from the use of his own testimony in the prosecution of a charge against himself. Crawford & Moses' Digest, § 3122; *State* v. *Bach Liquor Co.,* 67 Ark. 163; *Ex parte Butt,* 78 Ark. 262. The purpose of the inquiry was, as before stated, to ascertain whether or not liquor was procured on the occasion mentioned. If it

developed from the inquiry that some person other than the defendant in this case was guilty of an offense, the testimony of the defendant would become material. But if it be proved that a truthful answer would have disclosed the fact that the defendant himself had committed an offense, or was the sole offender in the transaction, then his own testimony would become immaterial for the reason that it could not be used against himself. The grand jury, however, had the power to pursue the inquiry and propound the particular question to the defendant to ascertain whether or not it would disclose the commission of an offense by some other person, and, as before stated, the fact that it might develop the commission of an offense by the defendant himself does not make it necessary to allege in an indictment that the testimony was voluntarily given. Of course, on a trial of the case it would devolve on the State to show the materiality; and if it appears from such proof that the accused himself was the sole offender in the transaction under inquiry, then his false testimony would not constitute perjury under the statute, unless it further appears that he waived his privilege by voluntarily giving the testimony.

Our conclusion, therefore, is that the court erred in sustaining the demurrer, and the judgment is reversed and the cause remanded with directions to overrule the demurrer.