### WARREN v. STATE.

### Opinion delivered May 15, 1922.

1. PERJURY—INDICTMENT—FAILURE TO ALLEGE THAT DEFENDANT TESTIFIED VOLUNTARILY.—In a prosecution for perjury before a grand jury, an indictment alleging that defendant was sworn to tell the truth on examination of a charge for violating the liquor law against certain parties whose names were unknown to the grand jury and that defendant falsely swore that when arrested he had no intoxicating liquor, was not defective in failing to allege that defendant voluntarily appeared as a witness, since the indictment did not show that defendant was testifying as a witness on a charge against himself.

2. PERJURY—INDICTMENT—DEFENSE.—An indictment for perjury alleging that, during investigation by the grand jury of violations of the liquor law by unknown persons, defendant falsely swore that, when arrested, he did not have liquor in his possession, was not defective on the ground that defendant was indicted for testifying about himself, since his testimony could not be used against him on a prosecution for violating the liquor law, under Acts 1917, No. 13, § 14.

3. PERJURY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of perjury in swearing before the grand jury that defendant did not have liquor when arrested; such testimony being material and false.

4. PERJURY—SUFFICIENCY OF EVIDENCE.—A conviction on a charge of perjury cannot be had on the evidence of one witness unless the material testimony of such witness, tending to prove the crime charged, is corroborated by direct testimony of other witnesses or by circumstances.

5. PERJURY—CORROBORATION OF WITNESS—INSTRUCTION.—In a prosecution of defendant for falsely swearing, as witness before the grand jury, that he had no liquor in his possession when arrested, a requested instruction that defendant could not be convicted on the evidence of a certain witness unless the witness' evidence was corroborated by other evidence, "showing that the defendant had whiskey at the time he was arrested" was properly modified by striking out the quoted words, since, as requested, the instruction was argumentative and misleading.

Appeal from Polk Circuit Court; *James S. Steel,* Judge; affirmed.

*Norwood & Alley,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

WOOD, J. The appellant was convicted on an indictment which charged him as follows:

"The said Crock Warren, in the county and State aforesaid, on the 19th day of October, 1921, on his examination as a witness before the grand jury duly selected, impaneled, sworn and charged to inquire in and for the body of the county of Polk at the October term of the circuit court of said county, of which said grand jury J. E. Williams was duly appointed foreman, and thereby duly authorized and empowered to administer oaths to witnesses before said grand jury; the said Crock Warren was duly sworn to testify the truth, the whole truth and nothing but the truth by the said J. E. Williams as foreman of said grand jury aforesaid, on the examination of a certain matter and charge by the State of Arkansas against certain parties whose names were to the grand jury unknown, for violating the liquor law during the year 1921, then pending before the grand jury aforesaid, the said Crock Warren feloniously, wilfully, falsely and corruptly testified that he did not have any intoxicating liquors on his person or in his possession at the time he was arrested in said county on or about the 13th of October, 1921, and that he had not had any whiskey in Polk County in the last twelve months; that the matter so testified was material, and said testimony was wilfully and corruptly false; the truth being that the said Crock Warren did have on his person and in his possession intoxicating liquors at the time he was arrested by Doug Walker as aforesaid, and had on various occasions drunk intoxicating liquors in this county within the last twelve months," etc.

The appellant demurred to the indictment, and the demurrer was overrruled. Appellant also moved to

arrest the judgment, which motion was overruled. He duly saved his exceptions to these rulings of the court.

Doug Walker testified that he was deputy sheriff. He arrested Crock Warren and some others for some disturbance. At the time Warren had in his possession a soda-pop bottle of whiskey. Witness could smell whiskey on his breath. This was about the 12th of October, 1921. Witness asked Warren where he got the whiskey and he replied: "I got it from a fellow down here a while ago about like you." Warren was coming up the road at the time he was arrested.

J. E. Williams testified that he was foreman of the grand jury, and as such administered the oath to Crock Warren, who was called as a witness before the grand jury. The grand jury was investigating certain violations of the liquor law in the settlement where Warren lived. The grand jury had information that Warren had whiskey in his possession when arrested and that he had drunk some whiskey the last year. He was asked where he got the whiskey he had on him, and he stated that he had not had any whiskey in twelve months, and did not have any when he was arrested. Warren was informed that he could not be indicted on his own statement. The grand jury was trying to find out from whom Warren bought the whiskey. It had no information that any particular person had sold Warren whiskey. Warren was asked whether he had bought whiskey from anybody within the last three years. They had information at the time that considerable whiskey was being drunk in the settlement where Warren lived, and Warren was the man they were investigating when they had him under oath. They were attempting to learn from whom he had bought the whiskey and where he got it. They were asking him concerning himself and others. Witness was asked this question: "You were not then in fact investigating any certain parties when you had him in the grand jury room with reference to selling whiskey, were you?" and answered, "None but him."

Warren testified that when Doug Walker arrested him he did not have any whiskey and Walker did not take any whiskey from him.

Amos Musgrove testified that he got in the car about three-quarters of an hour after Warren was arrested and at that time he smelled whiskey on Warren's breath.

Among other prayers for instructions, the appellant asked the following: "You are instructed that you cannot convict the defendant upon the evidence of the witness Doug Walker, unless you believe his evidence is corroborated by other evidence showing that the defendant had whiskey in his possession at the time he was arrested." The court refused to grant the prayer as offered, but modified it by striking out the following words, "showing that the defendant had whiskey in his possession at the time he was arrested." The instruction as thus modified was given. The appellant duly objected and excepted to the ruling of the court. Other prayers of appellant for instructions were refused. These instructions it is unnecessary to set forth. The court also gave certain instructions at the instance of the State which it is unnecessary to set out. The trial resulted in a judgment sentencing the appellant to imprisonment in the State Penitentiary for the period of one year, from which judgment is this appeal.

1. The first ground of appellant's demurrer to the indictment is "that the indictment on the face of it shows that the defendant was indicted for alleged false swearing before the grand jury upon a matter that the grand jury was investigating with reference to the defendant, and the indictment fails to allege that the defendant voluntarily appeared and offered his evidence on this question that is alleged to be false." To sustain his contention the appellant relies upon the case of *Claborn* v. *State,* 115 Ark. 387-391, where we said: "An indictment for perjury based upon alleged false swearing in a criminal proceeding pending before the grand jury against the person himself giving the alleged false testimony is fatally defective

unless it alleges that the accused voluntarily appeared before the grand jury to give the testimony upon which the indictment for perjury is predicated.'' But the above case has no application here, for the reason that the indictment in the present case does not show that appellant was called to testify as a witness before the grand jury on a charge against appellant himself then pending before and under investigation by the grand jury. On the contrary, the allegation is that the appellant was sworn ''to testify the truth, the whole truth and nothing but the truth * * * on the examination of a certain matter and charge by the State of Arkansas against certain parties whose names were to the grand jury unknown, for violating the liquor law during the year 1921, then pending before the grand jury,'' etc.

The allegations of this indictment show that the grand jury had under consideration the investigation of charges against certain parties whose names were to it unknown, for violating the liquor law during the year 1921. This allegation could not have had reference to the appellant, for he was called as a witness and his name was known to the grand jury. *State* v. *Roberts,* 148 Ark. 328.

The second ground of the demurrer is ''that the indictment contained matter which is a legal defense or bar to the prosecution, in that defendant is indicted for testifying falsely about himself.'' The allegations of the indictment show that the grand jury had under investigation, as we have stated, charges against certain persons whose names were to the grand jury unknown for violations of the liquor law during the year 1921. Section 14 of act 13 of the Acts of 1917, commonly known as the ''bone dry'' statute, provides as follows: ''That no person shall be excused from testifying before the grand jury, or on the trial in any prosecution for any violation of this act; but no disclosure or discovery made by such person is to be used against him in any criminal or penal prosecution for or on behalf of the matters disclosed.''

·Under the above statute the appellant could not refuse to answer questions concerning the violation of the liquor law during the year 1921, giving as his reason for such refusal that the answers to the questions propounded to him would show that he himself had violated the liquor law during that year. The statute above quoted gives him complete immunity from prosecution for any offenses in violation of the liquor law which his own testimony might disclose.

In *State v. Roberts, supra,* we said: "Under our statutes the grand jury has general inquisitorial powers without being confined to any particular matters submitted for investigation, and, according to the allegations of the complaint (indictment) in this case, the grand jury was pursuing such investigations in propounding the inquiry to the defendant. The question propounded might or might not have elicited information incriminating the defendant himself. But he could not refuse to answer on that ground, for the reason that the statute protects him from the use of his own testimony in the prosecution of a charge against himself." Citing Crawford & Moses' Digest, § 3122; *State v. Bach Liquor Co.,* 67 Ark. 163; *Ex parte Butt,* 78 Ark. 262. § 3122, C. & M. Digest, is analogous to § 14 of act 1, Acts 1917, *supra.*

It follows that the indictment is not defective because it alleged that the appellant "feloniously, wilfully, falsely and corruptly testified that he did not have intoxicating liquor on his person or in his possession at the time he was arrested in said county on or about the 13th of October, 1921, and that he had not had any whiskey in Polk County in the last 12 months," without alleging further that appellant voluntarily so testified.

The above allegations were sufficiently definite, and if appellant's testimony was false, as alleged, and truthful answers would have disclosed that he did have liquor in his possession and on his person at the time alleged, then the grand jury by further questions, if truthfully answered by appellant, might have elicited facts showing

violation of the liquor law by certain other parties during the year 1921 whose names were unknown to the grand jury. A truthful answer to the question propounded might have led to a disclosure of these names and to facts showing violations by them of the liquor law during the period mentioned.

2. The appellant contends that the verdict is contrary to the evidence and to the law. The testimony, giving it its strongest probative force in favor of the State, only tends to prove that appellant himself was in possession of intoxicating liquor on the highway. Appellant contends that such testimony does not prove that the alleged false testimony given by the appellant before the grand jury to the contrary was material, because under the law the alleged false testimony involved only an offense committed by himself, and it is not alleged and proved that such testimony was given voluntarily. In *State* v. *Roberts, supra,* the court said: "Of course, on a trial of the case it would devolve on the State to show the materiality; and if it appears from such proof that the accused himself was the sole offender in the transaction under inquiry, then his false testimony would not constitute perjury under the statute, unless it further appears that he waived his privilege by voluntarily giving the testimony." That was an appeal by the State from the judgment of the trial court sustaining a demurrer to the indictment. One of the grounds of the demurrer was that the indictment failed to charge that the accused appeared before the grand jury and voluntarily gave the testimony set forth in the indictment. We held that the indictment was not defective because it failed to contain such allegation. Therefore, what the court said, *supra*, as to the necessity of proving the materiality, although germane to the discussion, was unnecessary to the decision. Moreover, our attention was not directed in the case of *State* v. *Roberts* to § 14 of act 13 of the Acts of 1917, *supra*.

It follows from what we have already said concerning this statute that it was unnecessary to allege and prove

that the appellant voluntarily appeared before the grand jury and gave his testimony, because it was alleged in the indictment that the grand jury had under investigation charges concerning the violation of the liquor law during the year 1921 by parties whose names were unknown to the grand jury, and under the above statute the appellant could not refuse to testify before the grand jury because the statute gives him complete immunity from prosecution for offenses discovered through his own testimony. Furthermore, as we have seen, the testimony was material because, if the appellant did have in his possession intoxicating liquor at the time of his arrest and had testified to that effect before the grand jury, such testimony would have provoked further questions which doubtless would have discovered the names of those from whom appellant obtained the whiskey, and in what manner, and for what purpose he obtained the same, etc. The testimony was very material to the investigation which the inquisitorial body was making as to the alleged violations of the liquor law during the year 1921 by certain parties whose names to it were unknown and whose names they were endeavoring to ascertain.

The evidence was sufficient to sustain the verdict, and the court did not err in refusing any of appellant's prayers for instructions. In view of the above discussion, it becomes unnecessary to set out in detail and comment upon the various prayers of appellant for instructions which the court refused to grant. Such of these prayers as were correct were covered by the instructions which the court gave.

3. The court did not err in refusing to grant appellant's prayer for instruction No. 6, nor in modifying and giving the same as modified. It is a well established doctrine in this State that a conviction on a charge of perjury cannot be had on the evidence of one witness unless the material testimony of such witness tending to prove the crime charged is corroborated by direct testi-

mony of other witnesses, or by circumstances. *Lamb* v. *State,* 135 Ark. 275, and other cases there cited.

The witness Doug Walker testified that the appellant, when arrested, had in his possession a soda-pop bottle of whiskey; that he asked the appellant where he got the whiskey and appellant replied, "I got it from a fellow down here a while ago about like you." Bud Nichols and Joe Reynolds were present at the time. The bottle of whiskey which Walker took from the appellant was identified and exhibited to the jury.

Joe Reynolds testified that he was present when the appellant was arrested about ten feet from the officer. He never saw the officer take any whiskey off of appellant —was not where he could see. He heard the officer say. "What is this?" and heard appellant say, "I got it off of a fellow that looked just like you," or something like that.

Witness Musgrove testified that in about three-quarters of an hour after appellant was arrested he got in the car and smelled whiskey on appellant's breath, and that he did not smell whiskey on any one else's breath.

The above testimony tended to corroborate the testimony of the witness Walker to the effect that the appellant was in possession of whiskey at the time of his arrest. The appellant's prayer for instruction No. 6 was therefore abstract because it made an issue as to whether there was any evidence corroborating the testimony of witness Walker. To be sure, the appellant had the right to challenge the weight and sufficiency of the evidence; but if his prayer for instruction No. 6 had been granted, appellant could have argued to the jury that there was no testimony at all tending to corroborate the testimony of Walker, towit: that the appellant at the time of his arrest was in possession of whiskey. Furthermore, the prayer for instruction No. 6 as asked by the appellant was argumentative and calculated to mislead the jury, because, if the prayer had been granted as asked, the appellant would have been justified in arguing to the

jury that some witness besides Walker would have had to testify affirmatively that appellant had whiskey in his possession at the time of his arrest. Whereas, the corroboration was sufficient if there was any other evidence, direct or circumstantial, tending to prove that appellant had whiskey in his possession when he was arrested. The prayer for instruction as modified and given was more favorable to the appellant than he had the right to ask or expect. If counsel for appellant conceived that the instruction as modified and given was calculated to mislead the jury by causing them to believe that it was sufficient if the testimony of Walker was corroborated in immaterial matters, such as they here argue in their brief, then it was their duty to direct the attention of the trial court to these immaterial matters by a specific objection, which they did not do. The instruction, while abstract, was not inherently erroneous.

The record presents no reversible errors, and the judgment is therefore affirmed.