## SLAY v. STATE.

### Opinion delivered November 12, 1923.

1. PERJURY—INDICTMENT—VOLUNTARY TESTIMONY.—An indictment for perjury alleging that accused swore falsely on his examination before a justice of the peace, on a charge against himself, is fatally defective in failing to allege that he voluntarily gave his testimony before the justice.

2. INDICTMENT AND INFORMATION—ESSENTIAL INGREDIENTS.—Essential ingredients of a crime must be alleged in an indictment, and will not be presumed.

Appeal from Nevada Circuit Court; *James H. McCollum*, Judge; reversed.

*William F. Denman*, for appellant.

*J. S. Utley*, Attorney General, and *John L. Carter*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Nevada County upon an indictment charging him with perjury, and, as punishment therefor, was adjudged to serve a term of one year in the State Penitentiary. Sufficiency of the indictment was challenged by demurrer, which was overruled by the

court, over the objection and exception of appellant. The indictment, omitting formal parts, is as follows:

"The grand jury of Nevada County, in the name and by the authority of the State of Arkansas, accuses Mann Slay of the crime of perjury, committed as follows, to-wit: The said Mann Slay, in the county and State aforesaid, on the 7th day of July, 1923, A. D. 192— on his examination as a witness before the justice of the peace within and for Nevada County, Arkansas, duly elected, commissioned, qualified and acting and being duly authorized and empowered to administer oaths to witnesses in said court, and said Mann Slay was duly sworn by said W. J. White, a justice of the peace as aforesaid, the said W. J. White, as justice of the peace, having jurisdiction to try said cause between the State of Arkansas, as plaintiff, and Mann Slay, as defendant, the said Mann Slay unlawfully, feloniously, wilfully, falsely and corruptly testified 'that he did not have a bottle of whiskey in his hand or in his possession in Nevada County, Arkansas, on the 6th day of July, 1923.' The matter so testified to being material and the testimony being wilfully and corruptly false, and the truth being that he, said Mann Slay, did, on the 6th day of July, 1923, in Nevada County, Arkansas, have in his hand and possession a bottle of whiskey, against the peace and dignity of the State of Arkansas."

It is contended that the indictment is fatally defective because it failed to contain an allegation that appellant (accused) voluntarily gave the testimony before said justice of the peace upon which the indictment for perjury was predicated. Under the rule announced in the case of *Claborn* v. *State*, 115 Ark. 387, the trial court should have sustained the demurrer. In that case it was said (quoting syllabus 4): "An indictment for perjury based upon alleged false swearing in a criminal proceeding pending before the grand jury, against the person himself giving the alleged false testimony, is fatally defective unless it alleges that the accused voluntarily appeared before

the grand jury to give the testimony upon which the indictment for perjury is predicated.''

Learned counsel for the State attempt to distinguish the instant case from the Claborn case, *supra,* on the ground that the presumption must be indulged that appellant testified voluntarily, in his own behalf, before the justice of the peace, whereas, had he been testifying before the grand jury on a charge against himself, such presumption would not have been indulged. Had the charge been pending before the grand jury for investigation against appellant alone, he could have claimed his exemption from testifying on the ground that the information elicited would incriminate him, so it might be presumed that, had he testified before the grand jury concerning his own case, he did so voluntarily. The same presumption could be indulged whether the charge against appellant was pending before the justice of the peace or the grand jury. Essential ingredients of the crime must be set out in the charge, and will not be presumed. In other words, presumption will not support criminal charges. Allegations are required.

Indictments for perjury, each of which did not contain a clause that the accused appeared before the grand jury and voluntarily gave false testimony, were upheld in the cases of *State* v. *Roberts,* 148 Ark. 328, and *Warren* v. *State,* 153 Ark. 497, but in those cases the indictments did not show that the defendants were testifying on charges against themselves only.

For the error indicated the judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Mr. Justice SMITH dissents.