## JOSEPH HORNER *v.* STATE OF ARKANSAS

CR 73-117                                501 S.W. 2d 217

### Opinion delivered November 5, 1973
#### [Rehearing denied December 10, 1973.]

*Jeff Duty,* for appellant.

*Jim Guy Tucker,* Atty. Gen. by: *O. H. Hargraves,* Deputy Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted of burglary and of robbery, growing out of the same incident, and was sentenced to five years on each charge. A second person similarly charged entered a plea of guilty. For reversal it is contended that the court erred in admitting statements made by appellant to the sheriff and another to the prosecuting attorney.

Appellant made an incriminating oral statement to the sheriff on the day of his arrest. It is appellant's contention the State did not establish that appellant was given the *Miranda* warnings. The sheriff testified he first advised appellant of his constitutional rights but

did not elaborate, that is, he did not specify the particular rights of which appellant was advised. Counsel for appellant did not on cross-examination ask the sheriff to list the particular rights given. Appellant offered no testimony on the point. We know of no case authority which requires an officer to particularize the constitutional rights given unless he is asked to do so on cross-examination, or, if deemed necessary, on rebuttal.

With respect to a written statement given the prosecuting attorney it is again asserted that the State did not establish that adequate warnings under *Miranda* were given. A few days after appellant's interview with the sheriff, appellant was taken before the prosecuting attorney. A criminal investigator from the sheriff's office accompanied appellant to the prosecutor's office. That officer testified that appellant was there advised of his constitutional rights. There was no cross-examination on the point and no evidence was offered to refute the testimony of the officer.

The other objection here made to the introduction of the statement taken by the prosecuting attorney is based on Ark. Stat. Ann. § 43-915 (Repl. 1964):

> In all cases where two (2) or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor, but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense.

The contention is without merit because we have held that the recited statute "applies only to proceedings before a grand jury." *Rhea* v. *State,* 226 Ark. 581, 291 S.W. 2d 505 (1956). In *Rhea* we also said:

> The statute was enacted as § 67 of Chapter 45 of the Revised Statutes of 1838. This chapter relates to criminal procedure and, as may be readily seen from the table of contents which follows its title, is subdivided to conform to the various steps involved in a criminal proceeding. Sections 59 through 77

428

define the procedure to be observed by grand juries. When § 67 is read together with the sections that immediately precede and follow it there can be no doubt that it pertains only to testimony taken in the course of a grand jury investigation.

Affirmed.