## LIGHTER *v.* STATE.

### Opinion delivered February 19, 1923.

1. WITNESS—WIFE TESTIFYING FOR HUSBAND.—Notwithstanding the enfranchising of women, a wife is incompetent to testify for or against her husband in a criminal case, save that she may testify against him in cases where an injury has been done by him against her person or property, as provided by Crawford & Moses' Dig., § 3125.

2. CRIMINAL LAW—INSTRUCTION AS TO DEFENDANT'S CREDIBILITY.— An instruction in a criminal case stating the matters to be considered in determining the degree of credit to be given to defendant's testimony *held* not erroneous.

3. CRIMINAL LAW—GENERAL AND SPECIAL INSTRUCTIONS.—An instruction in correct form presenting defendant's theory of the case was not covered by a general instruction given which does not cover the particular theory of the defendant.

4. CRIMINAL LAW—REQUEST FOR INSTRUCTION.—It was error to refuse a correct request for instruction presenting defendant's theory of the case, which is supported by evidence and is not covered by other instructions given.

5. EMBEZZLEMENT—EVIDENCE.—Evidence, on a prosecution for embezzlement, that money was deposited with defendant to secure defendant's wife for signing a bail bond, and that the money is still held under that agreement, *held* not to sustain conviction of embezzlement.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; reversed.

#### STATEMENT OF FACTS.

J. D. Lighter was indicted under § 2500 of Crawford & Moses' Digest for the crime of embezzling $140 which Nina Seals had placed in his hands as bailee.

According to the evidence for the State, Lured Seals, the husband of Nina Seals, was convicted of a crime in the municipal court of Fort Smith, Ark., and fined $140. He took an appeal to the circuit court. The defendant, J. D. Lighter, was his attorney, and Nina Seals gave the defendant $140 as a deposit for the fine of her husband, and a receipt given by Lighter to her for the money recited that, if Lured Seals appeared at the term of the next circuit court, the money was to be refunded to Nina Seals.

The circuit court dismissed the appeal because it was not perfected in time, and the municipal court threatened to put Lured Seals in jail for the nonpayment of his fine. The defendant procured the release of Lured Seals by promising to pay the fine. He said that his wife had just been operated on, and that she had the $140 which had been deposited with her for the purpose of procuring her to sign the bail bond of Lured Seals.

On cross-examination, Nina Seals admitted that, when she first gave the money to the defendant, it was understood that his wife was to sign the bond, and that the money was given to secure her against loss. She also said that it was understood that the defendant would take care of it. Nina Seals knew that Mrs. Lighter was called to the jail where her husband, Lured Seals, was confined, and that Mrs. Lighter signed the bail bond of Lured Seals and thereby procured his release from jail. The defendant paid $65 of the fine against Lured Seals, and has failed and refused to pay the balance of it.

Subsequently Nina Seals removed from Fort Smith, Ark., to the State of Oklahoma, and in a few months procured a divorce from her husband. She has since remarried, and is now Nina Henson.

J. D. Lighter was a witness for himself. According to his testimony, Nina Seals turned over to him $140 to secure his wife against loss as surety on the bail bond of Lured Seals, who was at that time the husband of Nina Seals. Subsequently the defendant delivered the

$140 to his wife in the presence of Nina Seals and Lured
Seals.  His wife then signed the bail bond of Lured
Seals, and he was released from jail.  On the same day
that the circuit court dismissed the appeal of Lured
Seals, the municipal court issued a commitment for him.
Nina Seals informed the defendant of this fact, and
asked him to go over and pay the fine.  The defendant
told her that his wife was in the hospital, and he could
not get the money from her at that time.  He went with
Nina Seals and told the presiding judge that his wife
had just been operated on, and that he could not draw
upon her account.  He told the court that, just as soon
as his wife was able, he would have her make a check for
the money and pay it into court.  The defendant told
the court that he would pay the fine of Lured Seals, and
in this way secure his release.  The next day the de-
fendant collected $65 and paid it on the fine and costs.
Subsequently Nina Seals came to the defendant's of-
fice, and told him that she had separated from her hus-
band, and notified him not to let his wife pay the money
deposited with her on the fine.  The defendant's wife
still has the money in her possession.  The defendant's
evidence was in some respects corroborated.

The jury returned a verdict of guilty, and the de-
fendant was sentenced to one year's imprisonment in
the State Penitentiary.  He has duly prosecuted an ap-
peal to this court.

*W. A. Falconer* and *Webb Covington,* for appellant.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

HART, J., (after stating the facts).  The first as-
signment of error is that the court erred in refusing to
allow the defendant's wife to testify in his behalf as
to the circumstances attending the deposit of the $140
with her.  The general rule is that the wife is incompe-
tent to testify for her husband in a criminal case.
*Padgett* v. *State,* 125 Ark. 471.

In *Christian & Taylor* v. *Fancher,* 151 Ark. 102, the
court held that the act of the Legislature enfranchising

women has not changed the status of a married woman so as to render her competent to testify in her husband's behalf. This rule applies to criminal as well as civil proceedings, except that, under § 3125 of Crawford & Moses' Digest, the wife may testify against the husband in cases in which an injury has been done by him against her person or property. Therefore this assignment of error is not well taken.

It is next insisted that the court erred in giving instruction No. 5, which reads as follows: "5. I charge you further that, under the law, the defendant is a competent witness in his own behalf, and you should take his testimony and consider it in the same manner as you do the testimony of any other witness in this case. You are not blindly to receive a fact as true simply because the defendant says it is true, but you should take his testimony and weigh it in connection with all the other evidence and circumstances in this case, and determine whether his statements are true and made in good faith, or whether they are made for the purpose of avoiding a conviction at your hands. In considering the degree of credit to be given it, you may take into consideration the defendant's appearance on the witness stand while testifying, the reasonableness or unreasonableness of his statements, his candor or lack of candor, and his interest in the result of your verdict."

It is the duty of the court to instruct the jury in the rules of law by which the testimony is weighed and its credibility tested. The jury are the exclusive judges of the weight of such testimony, and the court has no right, directly or indirectly, to express an opinion on the weight to be given to the testimony. While it has been said an instruction on this point may be drawn in more apt language, still it has been held that an instruction in substantially the same language is not erroneous. *Hamilton* v. *State,* 62 Ark. 543, and *Whitener* v. *State,* 120 Ark. 30.

The next assignment of error is that the court erred in refusing to give instruction No. 2 at the request of the defendant. The instruction reads as follows:

"Mr. Covington: I want to ask the court to instruct the jury that, if they find from the evidence in this case that the defendant, Lighter, acting as the agent of Nina Seals, secured the signature of his wife to the appeal bond of the husband of Nina Seals, and Nina Seals deposited with him the sum of one hundred and forty dollars to secure his wife against loss by reason of her having signed the bond, and that the one hundred and forty dollars was turned over to her, and she has it now, it would be their duty to acquit the defendant in this case."

It is first claimed by the State that the matters embraced in this instruction were covered by 1-a given by the court. This instruction reads as follows:

"If you find from the evidence, beyond a reasonable doubt, that the defendant, J. D. Lighter, in the Fort Smith District of Sebastian County, Arkansas, within three years before the finding of the indictment in this case, being then and there over the age of sixteen years, and being then and there the bailee, and having then and there in his hands and possession, as such bailee of the said Nina Seals, one hundred and forty dollars in gold, silver and paper money, of the value of one hundred and forty dollars, the property of Nina Seals as aforesaid, did unlawfully, fraudulently and feloniously make away with, embezzle and convert to his own use the said one hundred and forty dollars, without the consent of the said Nina Seals—if you find these facts from the evidence, beyond a reasonable doubt, it would be your duty to convict the defendant."

A comparison of the two instructions will show that the instruction given by the court is entirely general in its terms, and does not cover the particular theory of the defendant relied upon by him for a reversal of the judgment.

While this court has uniformly held that it is not necessary to repeat instructions where the point involved is already embraced in the instructions given, it is equally well settled that it is the duty of the court to give instructions presenting the defendant's side of the case, if there is evidence to support it and the defendant requests a proper instruction. This rule is elementary, and in the application of it we are of the opinion that the court erred in refusing to give instruction No. 2 asked by the defendant. The instruction was correct in form, and presented the defendant's theory of the case, and should have been given.

If the testimony of the defendant was true, the money was deposited by him with his wife for the purpose of getting her to sign the bail bond of Lured Seals, and Nina Seals knew this was the object to be accomplished when she delivered the money to the defendant. If the money was delivered to the defendant's wife for that purpose, and is still held by her under the original agreement, the defendant is not guilty of embezzlement, and had a right to have his theory of the case submitted by instruction No. 2 as requested by him.

It follows that, for the error in refusing to give instruction No. 2 asked by the defendant, the judgment must be reversed, and the cause will be remanded for a new trial.