CHAPMAN *v.* STATE.

4179 143 S. W. 2d 575

Opinion delivered October 14, 1940.

*Bob Bailey,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, C. J. An indictment charged appellant with "taking, stealing, and carrying away three machinery belts of the value of $40, the property of John E. Moore, . . . ."

A jury found the defendant guilty of petit larceny and assessed his punishment at one day in jail and a fine of $150.

For reversal of the judgment appellant insists (1) that the evidence is insufficient; (2) that the court erred in giving instruction No. 1, and (3) that a conviction of petit larceny cannot be sustained where the indictment charged grand larceny.

Fifteen instructions were given. None is abstracted. Rule 10 of the Supreme Court places this burden on the appellant in misdemeanor cases. Hence, the second assignment cannot be considered.

Appellant testified that he and Dr. Berryman operated a lumber mill, and he paid "a fellow" $20 for three belts. The seller appeared at the mill about seven o'clock in the morning driving a Chevrolet automobile. In the back of the car were six or eight belts. The stranger explained he had dismantled a mill and said his name was Leroy Harris. Appellant took a receipt for the payment.

John E. Moore testified that the stolen belts were worth $35. He had moved them from one gin to another gin building. Assisted by Reece Gilbert, Moore found the belts at Chapman's mill. Chapman claimed the property, stating to Moore at one time that the belts were purchased in Little Rock, and at another time that they were bought at a hardware store in Russellville.[1] Moore had retained the serial number of one of the belts and was thereby enabled to make identification. The other two were also identified. Appellant did not mention having bought the belts from a stranger.

---

[1] Appellant, as an exhibit to his testimony, introduced invoice from a Russellville hardware store showing purchase of belts amounting to $6.30. They were of a different size to those taken from Moore.

Reece Gilbert, deputy sheriff, substantiated Moore's testimony that appellant claimed to have bought the belts in Little Rock and Russellville. When first confronted with Moore's loss, appellant did not claim to have dealt with a stranger. On Friday night preceding identification on Monday, Gilbert saw a Chapman Lumber Company or a Berryman & Chapman truck pass through Dover between ten and twelve o'clock. Gilbert's testimony was supported by J. R. Parker, another deputy sheriff.

Although the evidence was circumstantial it presented questions for the jury. Possession of recently stolen property, where such possession is not satisfactorily explained will support a conviction. There was evidence that appellant told conflicting stories. His explanations were not believed. However, the jury seems to have discounted the value of the belts as fixed by Moore, in consequence of which the crime was reduced from grand to petit larceny. Appellant cannot complain of this.[2]

Affirmed.

---

[2] *Trammell* v. *State*, 193 Ark. 21, 97 S. W. 2d 902; *Morris* v. *State*, 197 Ark. 778, 126 S. W. 2d 93; *Fletcher* v. *State*, 198 Ark. 376, 128 S. W. 2d 997.