4403                                           192 S. W. 2d 977

Opinion delivered March 11, 1946.

*Harry L. Ponder, Jr., Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellant.

*R. W. Tucker,* for appellee.

McHANEY, J.   Appellee is the sheriff of Independence county, Arkansas.   The grand jury of said county returned two indictments against him at the fall 1945 term of court, each charging him of the crime of misdemeanor in office, in one that he did, on the 5th day of February, 1945, "willfully and unlawfully fail, neglect and refuse to render his accounts to, and settle with the County Court for moneys by him received, to the use of Independence county in the manner and at the time provided by § 3534 of Pope's Digest and § 12 of Initiated Act No. 1, of Independence county."   In the other, the date of the alleged failure, etc., was on the 5th day of January, 1945, and in the charging part the language is substantially the same as above quoted.

Trial resulted in an instructed verdict of not guilty for appellee, the two cases having been consolidated for trial, and judgment was entered discharging him.   The

State has appealed under the provisions of §§ 4253 and 4254 of Pope's Digest to have said § 3534 construed by this court and, if so found, to have error of the trial court declared "to the end there may be correct and uniform administration of the criminal law."

At the outset appellant is confronted with the motion of appellee to affirm for failure to comply with rule 10 of this court which requires appellant in criminal cases to file with the clerk of this court a brief and abstract or abridgment of the transcript as in civil cases. Rule 9 (b) provides that the abstract shall contain the material parts of the pleadings, proceedings, facts and documents upon which appellant relies, together with such other matters from the record as are necessary to an understanding of all questions presented to this court for decision. These rules apply to the State in a misdemeanor case when it is the appellant just as they do to a defendant who appeals from a conviction in such a case.

Here, counsel for the State say they will set out such of the evidence, as they deem necessary to a decision of the question presented, in their argument. In the argument they say: "The court will notice from an examination of the record of the trial in the lower court that the testimony introduced on the part of the State, . . ., was directed solely to establishing" that appellee collected sums of money as fines due to said county during the last quarter of 1944, and that he failed and refused to account or settle therefor. It was the duty of counsel for the State to abstract or set out this testimony. We are not required to explore the transcript. Only one is filed here, and there are seven judges. If each of them had to read the transcript, it would impose an impossible burden on them. The only testimony attempted to be set out consists of a half dozen questions to and answers given by appellee, except a statement as to what counsel say is the effect of the testimony of Treasurer Stroud. Several other witnesses testified in the trial.

We conclude that appellant failed to comply with rule 10 by properly abstracting the testimony in the rec-

ord, and the judgment should be and is, accordingly, affirmed.