BRANTON *v.* STATE.

4547                                        218 S. W. 2d 690

Opinion delivered March 7, 1949.

Rehearing denied April 4, 1949.

862

*W. Harold Flowers,* for appellant.

*Ike Murry,* Attorney General, and *Jeff Duty,* Assistant Attorney General, for appellee.

ED. F. McFADDIN, Justice. The defendant (appellant) was convicted of a violation of § 4873, Pope's Digest, in that he distributed unofficial ballots for the purpose of instructing voters how to vote. He has appealed. That portion of § 4873, Pope's Digest, here involved, reads: "It shall be unlawful to print or distribute any ballots outside of those ballots ordered for use in the election, for the purpose of instructing voters how to vote."

The evidence—the sufficiency of which is not here challenged—shows: that the Democratic primary was on August 10, 1948; that on the night of August 3, 1948, the defendant conducted a political meeting at the Mount Zion Church in Jefferson county; that the defendant carried to the meeting a number of identical mimeographed pages, and had them distributed along with pencils; that on each mimeographed page there was a complete list of all the candidates to be voted on, in the August 10th pri-

mary, for each State, District and Jefferson county office; that the defendant "showed" those assembled at the meeting "how to vote"; that, beginning with the Governor's race, and continuing *seriatim,* he told the assembled people for whom to vote in each contest; and that those assembled marked the distributed lists in accordance with the defendant's suggestions.

This is an appeal in a misdemeanor case, and the appellant is required not only to file a motion for new trial, but also to abstract the record and argue the points on which he relies. All assignments not argued in the brief are waived. *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673; and *Reed* v. *State,* 103 Ark. 391, 147 S. W. 76, Ann. Cas. 1914B, 811. We now list and discuss the only two points argued by appellant.

I. *The Ballot.* Appellant contends that the mimeographed pages which he distributed were not "ballots" within the purview of the statute. Here is his contention as stated in the motion in the trial court: "I want to move for a directed verdict on the ground that the mimeographed paper which has been introduced in evidence is not a ballot within the legal meaning of the word ballot; that the evidence was that the mimeographed paper, while containing all of the names listed on the official ballot, does not show them in the same order; neither does the mimeographed paper have the official designation as a ballot to be used in a Democratic Primary."

What is a ballot? The word ballot comes from the Greek word "ballo," meaning "to throw';; and in ancient Greece a ballot was a ball, shell or stone thrown by the voter to indicate his choice for or against a candidate or measure. In Words and Phrases, perm. Ed., Vol. V, p. 88 *et seq.,* cases from many jurisdictions give the various definitions of the word "ballot." See, also, 6 C. J. 1174; 20 C. J. 140; and 8 C. J. S. 381. The Supreme Court of California in *People* v. *Holden,* 28 Cal. 123, gives this definition of a ballot: "A paper ticket containing the names of the persons for whom the elector intends to vote, and designating the office to which each person so named is intended by him to be chosen. Thus

a ballot, or a ticket, is a single piece of paper containing the names of the candidates and the offices for which they are running.''

The Texas Court of Criminal Appeals [1] in *Carroll v. State*, 124 Tex. Cr. Rep. 180, 61 S. W. 2d 1005, defined a ballot as: ''A piece of paper or other suitable material with the name written or printed upon it of the person to be voted for . . . ''

Cooley on Constitutional Limitations, 8th Ed., Vol. II, p. 1373, quotes from Cushing on Legislative Assemblies, § 103, the following definition: ''A ballot may be defined to be a piece of paper or other suitable material, with the name written or printed upon it of the person to be voted for.''

The foregoing definitions are applicable to this case. In American election parlance a ballot is a paper containing the names of candidates and the offices they are seeking, as well as a listing of the measures (if any) to be determined, at an election. Tested by these definitions, we reach the conclusion that the mimeographed pages distributed by the defendant were unofficial ballots. As previously quoted, our statute says: ''It shall be unlawful to print or distribute any ballots outside of those ballots ordered for use in the election, for the purpose of instructing voters how to vote.'' Thus, the statute necessarily classifies ballots as of two types: (1) those ordered for use in an election and (2) those not ordered for use in an election. The former are the official ballots; the latter are unofficial. Those distributed by the defendant were unofficial.

The comparison of such unofficial ballot distributed by the defendant with the official election ballot shows only the following differences:

(1) The official ballot had this notation at the top of the page: ''Official ballot, Democratic Primary, August 10, 1948, Jefferson County, Arkansas. Original. Note: Mark out or scratch out names of all those except

---

[1] This is the highest court in criminal matters in the State of Texas.

those for whom you wish to vote." The ballot was printed in duplicate, and there was a place for the voter to sign on the duplicate. The unofficial ballot did not contain the above-quoted language. The absence of such language clearly shows that the unofficial ballot was not an official ballot distributed for the election. It was, nevertheless, "a piece of paper with the name written or printed upon it of the person to be voted for." So the absence of the quoted words merely showed that the distributed ballot was not official.

(2) On the official ballot the office of Chancellor of the Fourth District was listed as the fourth office to be voted on in the election, whereas in the unofficial ballot the same office was listed at another place. But the name of the office of Chancellor, and the names of two candidates, and the notation "vote for one" appeared on the unofficial ballot.

(3) The official ballot was "printed"—in that it was the result of the page having come in contact with a printing press, whereas the unofficial ballot was "mimeographed," in that a stencil had been used in a typewriter and the page had come in contact with the stencil. The distinction between "printed" and "mimeographed" is immaterial, because the general appearance of each page was the same.

Aside from these three distinctions, the unofficial ballot was word for word, letter for letter, and item for item a replica of the official ballot. The distributed page did not have to be photostatically similar to the official ballot in order to be an unofficial ballot. The unofficial ballot in this case was a reasonable facsimile of the official ballot, and was within the statutory inhibition.

II. *Freedom of Speech.* The appellant next urges that the portion of § 4873, Pope's Digest, under which he was convicted, violates his freedom of speech, which he claims is guaranteed to him by Article I and also Amendment XIV of the Federal Constitution. We find this contention to be without merit. Freedom of speech does not mean freedom of a person to intimidate voters.

It is essential that there be a free election where each elector can express his will, if we are to have and enjoy a democratic system of government; and the democratic system must exist or freedom of speech would fail entirely.

Cooley on Constitutional Limitations, 8th Ed., Vol. II, Chap. 17, dwells at length and in scholarly language on "the expression of the public will." It is this expression of the public will that statutes such as the one here involved are designed to secure. Cooley says (p. 1375): "In order to secure as perfectly as possible the benefits anticipated from this system, statutes have been passed, in some of the States, which prohibit ballots being received or counted unless the same are written or printed upon white paper, without any marks or figures thereon intended to distinguish one ballot from another. These statutes are simply declaratory of a constitutional principle that inheres in the system of voting by ballot, and which ought to be inviolable whether declared or not."

And then Judge Cooley makes this statement: "The system of ballot-voting rests upon the idea that every elector is to be entirely at liberty to vote for whom he pleases and with what party he pleases, and that no one is to have the right, or be in position, to question his independent action, either then or at any subsequent time."

Judge Cooley further says concerning freedom of elections (p. 1389): "To keep every election free of all the influences and surroundings which might bear improperly upon it, or might impel the electors to cast their suffrages otherwise than as their judgments would dictate, has always been a prominent object in American legislation."

Judge Cooley points out that statutes have been upheld making it an offense to intimidate a voter by threat or otherwise. The statute here involved and assailed by appellant is a statute to prevent the intimidation of voters, and is § 20 of Act 123 of 1935, and reads in full: "It shall be unlawful for any person to make any threat

or attempt to intimidate any elector or his family, his business or his profession, and it shall also be unlawful to attempt to prevent any qualified elector from voting at any primary election. *It shall be unlawful to print or distribute any ballots, outside of those ballots ordered for use in the election, for the purpose of instructing voters how to vote.* It shall be unlawful for any person to attend any voting place on election day and hand out, or give away, any campaign cards, placards, or other articles for the purpose of influencing the electors to vote for any candidate. Any violation of any of the provisions of this section of this Act shall be deemed a misdemeanor and punished by a fine not exceeding $500." (Italics supplied.)

The italicized sentence is the provision under which the defendant was convicted in this case. The position of that sentence in the section demonstrates that the Legislature was seeking to prevent the intimidation of voters and the use of undue influence in elections. We hold that the statute is constitutional as against the attacks here made on it.

The judgment of the Circuit Court is affirmed.

HOLT and GEORGE ROSE SMITH, JJ., not participating.

The Chief Justice dissents.

GRIFFIN SMITH, Chief Justice, dissenting. The prevailing opinion emphasizes, by use of italics, that part of § 20 of Act 123 of 1935 which makes it unlawful ". . . to print or distribute any ballots, outside of those ballots ordered for use in the election, for the purpose of instructing voters how to vote."

Fundamental error of the opinion is that it treats as a ballot the mimeographed list of candidates used by appellant and those who were associated with him.

It must be remembered that the meeting of Negroes at which this so-called ballot was used occurred August 3d, and the election was not until the 10th—a full week later. A casual glance at the photographs is sufficient to show there was no attempt to reproduce a ballot in

the sense that the term is ordinarily understood. I make no point of the fact that typographical arrangements of names and positions are not identical. Under rules of the Democratic Party the names of those seeking nomination were made public when the ticket closed. The list was available to newspapers, and it was generally and generously publicized.

## OFFICIAL BALLOT     ORIGINAL

Democratic Primary, Tuesday, August 10, 1948, Jefferson County, Arkansas

NOTE—Mark out or scratch off names of all those except those for whom you wish to vote.

**GOVERNOR**
(Vote For One)
Sid McMath
Jack Holt

**ASSOCIATE JUSTICE**
(Vote For One)
George Rose Smith
J. Fred Jones

**ASSOCIATE JUSTICE**
(Vote For One)
J. S. Holt
Walter Pope

**NATIONAL COMMITTEEMAN**
(Vote For One)
Dr. R. B. Robins
Dr. Fred G. White

**CHANCELLOR, 4th DISTRICT**
(Vote For One)
Harry T. Wooldridge
Carleton Harris

**PROSECUTING ATTORNEY**
11th Judicial Circuit
(Vote For One)
Pat H. Mullis
Henry W. Smith

**SHERIFF**
(Vote For One)
Garland Brewster
Banks Dawson

**ASSESSOR**
(Vote For One)
Charles A. West
Henry Y. Williams

**CORONER**
(Vote For One)
Ernest B. Hope
Ed Dupree

**REPRESENTATIVE, Pos. 3**
(Vote For One)
Lee E. Taylor
T. M. Hooker

**COUNTY SURVEYOR**
(Vote For One)
Ed N. Jenkins
John Kramer

**JUSTICE OF THE PEACE**
Vaugine Twp., Pos. 1
(Vote For One)
Abe Minsker
Wm. W. Phillips, Jr.

**JUSTICE OF THE PEACE**
Vaugine Twp., Pos. 5
(Vote For One)
Percy Chambers
Barnett Bram

**UNITED STATES SENATOR**
(Vote For One)
John L. McClellan

**LIEUTENANT-GOVERNOR**
(Vote For One)
Nathan Gordon

**STATE AUDITOR**
(Vote For One)
J. Oscar Humphrey

**STATE TREASURER**
(Vote For One)
J. Vance Clayton

**COMMISSIONER OF STATE LANDS**
(Vote For One)
Claude A. Rankin

**NATIONAL COMMITTEEWOMAN**
(Vote For One)
Mrs. Jack Carnes

**COUNTY JUDGE**
(Vote For One)
Wiley C. Rountree

**COUNTY TREASURER**
(Vote For One)
Claude Pledger

**CIRCUIT CLERK**
(Vote For One)
M. V. Mead

**COUNTY CLERK**
(Vote For One)
E. Allen Sheppard

**REPRESENTATIVE, Pos. 1**
(Vote For One)
E. W. Brockman, Jr.

**REPRESENTATIVE, Pos. No. 2**
(Vote For One)
Murphy Morrell Gathright

**JUSTICES OF THE PEACE**
Vaugine Township
(Vote For Seven)
Lev H. Goodrich
Clyde Martin
H. K. (Red) Calvert
E. W. Alexander
John H. Means
Leslie Tucker
T. Neal Davis

### WARD ONE

**CENTRAL COMMITTEEMAN**
**CITY-AT-LARGE**
(Vote For One)
D. C. Shumpert

**DELEGATES TO COUNTY**
**CONVENTION**
(Vote For Six)
C. H. Bolinger
R. A. Poole
J. Frank Francy
Carleton Fox
W. P. Ellis
G H Young

Signed ........................................................

There was nothing private or sacrosanct about the list, nor was there a patented process in the priority of listing. No one testified, nor did the information allege, that the mimeographed sheets were intended for corrupt purposes. They were so obviously not ballots that any election official would have observed their insufficiency.[1]

## Mimeographed Sheet

GOVERNOR
(Vote for One)
Sid McMath
Jack Holt

ASSOCIATE JUSTICE
(Vote for One)
George Rose Smith
J. Fred Jones

ASSOCIATE JUSTICE
(Vote for One)
J. S. Holt
Walter Pope

NATIONAL COMMITTEE MAN
(Vote for One)
Dr. R. B. Robins
Dr. Fred G. White

PROSECUTING ATTORNEY
11th Judicial Circuit
(Vote for One)
Pat H. Mullis
Henry Y. Smith

SHERIFF
(Vote for One)
Garland Brewster
Banks Dawson

ASSESSOR
(Vote for One)
Charles A. West
Henry W. Williams

CORONER
(Vote for One)
Ernest B. Hope
Ed Dupree

REPRESENTATIVE NO. 3
(Vote for One)
Lee E. Taylor
T. M. Hooker

COUNTY SURVEYOR
(Vote for One)
Ed N. Jenkins
John Kramer

JUSTICE OF THE PEACE
Vaugine Twp., Pos. 1
(Vote for One)
Abe Minsker
Wm. W. Phillips, Jr.

JUSTICE OF THE PEACE
Vaugine Twp., Pos. 5
(Vote for One)
Percy Chambers
Barnett Bram

UNITED STATES SENATOR
(Vote for One)
John L. McClellan

LIEUTENANT-GOVERNOR
(Vote for One)
Nathan Gordon

STATE AUDITOR
(Vote for One)
J. Oscar Humphery

STATE TREASURER
(Vote for One)
J. Vance Clayton

COMMISSIONER STATE LANDS
(Vote for One)
Claude A. Rankin

NATIONAL COMMITTEE WOMAN
(Vote for One)
Mrs. Jack Carnes

COUNTY JUDGE
(Vote for One)
Wiley C. Rountree

CHANCELLOR 4th
DISTRICT
(Vote for One)
Harry T. Wooldridge
Carleton Harris

COUNTY TREASURER
(Vote for One)
Claude Pledger

CIRCUIT CLERK
(Vote for One)
M. V. Mead

COUNTY CLERK
(Vote for One)
E. Allen Sheppard

REPRESENTATIVE
Pos. 1
(Vote for One)
E. W. Brockman, Jr.

REPRESENTATIVE
Pos. 2
(Vote for One)
Murphy M. Gathright

JUSTICES OF THE
PEACE
Vaugine Twp.
(Vote for Seven)
Lev. H. Goodrich
Clyde Martin
H.K. (Red) Calvert
E. W. Alexander
John H. Means
Leslie Tucker
T. Neal Davis

WARD ONE
CENTRAL COMMITTEE-
MAN, CITY-AT-
LARGE
(Vote for One)
D. C. Shumpert

DELEGATES TO
COUNTY CONVENTION
(Vote for Six)
C. H. Bollinger
R. A. Poole
J. Frank Franey
Carleton Fox
W. P. Ellis
G. H. Young

[1] In the photostatic reproduction of the official ballot, the word "Signed" appears, with a blank line for the name. This was not on the original, but appears on the duplicate which was attached to the original, but perforated for convenient separation. The duplicate was slightly longer than the original, and the word "signed" extended below the original—a fact not recorded in photographing.

If purpose of the statute was to prevent an elector from making a list of candidates and arranging them in printed form showing the various offices sought (a construction I do not think was intended) then it would offend the Fourteenth Amendment to the Federal Constitution, and Art. II, Sec. 6, of our own Constitution.

I do not agree with the majority's definition of a "ballot". On the contrary, I heartily concur in the expression that the system of ballot-voting "rests upon the idea that every elector is to be entirely at his liberty to vote for whom he pleases and with what party he pleases." It is also essential that every election be kept "free of all the influences and surroundings which might bear improperly upon it, or might impel the electors to cast their suffrages otherwise than as their judgments would dictate". A lawyer's objection to discussions of those subjects here might well be that they are "immaterial and irrelevant". Nowhere is it hinted that the mimeographed lists (and bear in mind that they are *not* reproductions) were intended as ballots.

The defendant was entitled to an acquittal.