RICE *v.* STATE.

4599            228 S. W. 2d 43

Opinion delivered March 6, 1950.
Rehearing denied April 3, 1950.

*Hebert & Dobbs,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

DUNAWAY, J. As a result of an altercation between appellant and one Glenn Hickey, appellant was charged with the offense of ''Assault with Intent to Kill'' by information filed by the Prosecuting Attorney. At the time of trial the charge was reduced to ''Assault with a Deadly Weapon'' on motion of the State and without objection by appellant. The trial resulted in a conviction, the jury returning the following verdict: ''We, the jury find the defendant guilty of assault with a deadly weapon and as a punishment fine him in the sum of $1,000 and sentence him to serve *none* imprisonment.''

Appellant, Royal A. Rice, is president of the Bank of Montgomery County at Mount Ida, Arkansas, and Glenn Hickey is a merchant there and a stockholder in the bank. Prior to the difficulty between these parties on July 25, 1949, out of which the criminal charges against appellant arose, they had been involved on opposite sides in litigation for control of the bank.

On July 25, Hickey was notified by employees of the bank that his account was overdrawn in the amount of $58.24. He sent over for deposit checks drawn on

out-of-town banks totaling $709.39. Later that day Hickey was advised that these checks could only be accepted for collection and could not be credited to his account until they had been cleared by the out-of-town banks. He then deposited $1,000 in cash. About 2:00 p. m. Hickey went to appellant's private office in the bank, where a heated argument ensued over the refusal of the bank to credit Hickey's account with the checks in question. Rice insisted that he had acted on instructions of the Bank Commissioner, whereupon Hickey accused him of lying and used considerable profanity in expressing his opinion of appellant. Appellant then picked up a glass paper-weight about the size of a baseball, at which point Hickey told him he "didn't have the guts to use it." Joe Rice, appellant's brother who was also in the room, made some remark to Hickey, who then cursed him as he had appellant Roy Rice. Joe Rice and Hickey engaged in a scuffle and fight, while appellant ran into the next office and returned with a gun which he "leveled" at Hickey, according to the state's testimony. Hickey testified that he broke loose from Joe Rice and fell to the floor, covering his face with his hands and arms. Several others, including Glenn Hickey's brother, Sam, heard the scuffling and came into the room; they removed Glenn Hickey and asked appellant not to shoot.

The various witnesses for the State and for the defendant were in agreement that there was quite an argument as well as some scuffling in appellant's office. Glenn Hickey admitted cursing the Rice brothers, but testified that they started the fighting and that appellant assaulted him with the pistol. Appellant on the other hand, denied pointing the gun at Hickey, testifying that he had the gun only for self-defense if it became necessary.

Appellant urges three grounds for reversal. Since this is a misdemeanor appeal, all assignments of error not argued in the brief are waived, *Branton* v. *State*, 214 Ark. 861, 218 S. W. 2d 690, and we will consider only these three points.

The first contention is that the verdict was void because both fine *and* imprisonment are mandatory under the provisions of Ark. Stats. (1947) § 41-605, and the jury in the instant case imposed only a fine. Appellant is correct in his interpretation of the statute. See *Allgood* v. *State,* 208 Ark. 699, 177 S. W. 2d 928. However, he was not prejudiced by the failure of the jury to add a term of imprisonment to the fine assessed. An accused cannot complain of errors not prejudicial to him. *Bishop* v. *State,* (Ark.) 14 S. W. 88.

Appellant's second contention is that the jury was subjected to improper influences after retiring to deliberate on its verdict. This assignment of error was made in the motion for new trial, and the trial court heard testimony on the point. P. E. Dobbs, one of appellant's attorneys, testified that he was outside the courthouse and looked through a window and saw the jury in the jury room; that he could see different jurors as they wrote their verdicts on slips of paper; that there was a large crowd of people standing about on the courthouse lawn in view of the jury; that the bailiff in charge of the jury opened the door to the jury room, asked how they were getting along and told them "there is no use for you to have a hung jury". The bailiff denied this, testifying that he went to the jury room after consultation with the court to tell the jurors that if they wanted further instructions they would have to return to the courtroom. There was no testimony that any of the people outside the courthouse attempted to communicate with the jury or made any demonstration of any kind.

The trial court found from substantial testimony that the jury had not been subjected to any improper influence. The rule in regard to granting a new trial when a charge is made of improper influence on the jury, was stated in the opinion by Mr. Justice WOOD in *Freels* v. *State,* 130 Ark. 189, at p. 197, 196 S. W. 913:

"But in all such cases the presiding judge must have a wide discretion in dealing with the situation as he finds it to prevent, where it is in his power, in the first

place, the trial jury from being brought in contact with any outside conditions that are in the least calculated to exert an undue influence upon them. And in the second place, to set aside a verdict of conviction where anything occurs without his knowledge and beyond his power to prevent, that was well calculated to produce a verdict that in his judgment was tainted by passion, sympathy, prejudice, corruption, or any other sinister influence whatever, and therefore not responsive to the law and the evidence. Unless it appears that the trial judge has abused his discretion in dealing with all such matters this court, after he has ruled upon such issues, will not disturb his finding.''

No abuse of discretion is shown in the case at bar.

Finally, appellant urges that the evidence was insufficient to sustain the verdict. On appeal we must view the testimony in the light most favorable to the State. Although the appellant and his witnesses gave one version of what happened during the fracas, the Hickey brothers and others positively testified that Joe Rice started the physical fighting and that appellant ''leveled'' the gun at Glenn Hickey. The disputed question of fact was one for the jury, which they resolved against appellant on substantial testimony.

The judgment is affirmed.