STRICKLAND *v.* QUALITY BUILDING & SECURITY COMPANY.

4-9815                                              249 S. W. 2d 557

Opinion delivered June 9, 1952.

*James E. McDaniel* and *Homer E. McEwen,* for appellant.

*Frank Sloan* and *W. B. Howard,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, Quality Building & Security Co., recovered judgment in the sum of $601.89 in circuit court against appellant, J. A. Strickland, for the conversion of an automobile.

The car in question is a 1947 model Chevrolet which was purchased by J. R. Smith from Dean Motors, Inc. in San Diego, California, on August 13, 1949. The purchase was under a written conditional sales contract which provided for twenty-four consecutive monthly payments of $51.49 each commencing September 15, 1949. The seller assigned the contract to appellee on the date of purchase. Shortly after the sale Smith brought the car to Arkansas without permission of the seller.

While the car was in Arkansas, appellant brought an action in a justice of the peace court against J. R. Smith upon an account for repairs which appellant had made to another car for Smith before the latter went to California. The car in controversy was attached in the justice court proceedings in which appellant recovered judgment against Smith and purchased the automobile at the attachment sale. While appellant was still in possession of the car, he was notified of appellee's claim of title by counsel for appellee who also requested possession of the car. Appellant thereafter sold the car

to another party and appellee filed the instant action in replevin and for conversion of the automobile.

At the conclusion of the evidence both parties requested a directed verdict. The trial court instructed the jury to find for appellee for the value of the automobile on the date of sale and conversion by appellant. The jury fixed said value at $550 to which was added the sum of $51.89 interest (6% from the date of conversion) upon appellee's motion for judgment notwithstanding the verdict.

Appellant first contends the trial court erred in instructing the jury on the measure of damages. Since appellant has abstracted none of the instructions given or refused, we must assume that the jury was correctly instructed on this issue. In this connection it is also argued that witnesses for appellee were incompetent to testify as to the value of the car in Arkansas. These witnesses were experienced California automobile dealers who for a number of years had purchased cars in the area of Arkansas, Texas, Mississippi and Louisiana and testified that they were familiar with the market value of automobiles like the one in question in said area on the date of conversion. One of the witnesses was familiar with the car in question and there is no contention that the market value in Craighead County is different from that of the state as a whole. Moreover, appellant, who is an expert on automobile values in Craighead County, did not deny the testimony of counsel for appellee that appellant told him the car was worth $800. The testimony was competent and sufficient to sustain the verdict of the jury on the question of value.

It is next contended that appellee failed to show any amount due it by the purchaser, J. R. Smith, and, therefore, failed to prove sufficient title to support an action for conversion. Although appellant failed to abstract the conditional sales contract and the assignment to appellee, this deficiency has been supplied by appellee. The contract on its face shows no payments by Smith and also shows that if he had made each payment on its due date, only seven of the twenty-four payments would have

been made when the complaint was filed. The contract also provided that the purchaser should not remove the car from California without written permission of the holder of the contract and that a breach of such provision entitled the holder to terminate the contract and take immediate possession of the car. It is undisputed that J. R. Smith violated this provision of the contract.

The case of *Black* v. *Roberson,* 87 Ark. 641, 112 S. W. 402, relied on by appellant, was a replevin action. While the court held under the facts there presented that the burden of proof on the whole case was on the plaintiff, the following observation was made on the question of proof of payment: "The burden of proof is upon the party pleading payment to establish it; and, had the pleadings or admissions of the parties admitted the sale of the mule and the reservation of the title, then the burden would have been upon the defendant to prove payment, and it would not have been necessary for the plaintiff to have carried the burden of proving a continuance of the indebtedness. The burden on that issue would then have rested on the defendant. *Faisst* v. *Waldo,* 57 Ark. 270, 21 S. W. 436." Here there is undisputed proof of the sale of the car with reservation title in the seller and a subsequent sale by appellant with notice of appellee's claim of title. The evidence was sufficient to establish a *prima facie* showing of title and right to possession in the appellee and there was no plea or proof of any payment having been made on the conditional sales contract.

It is also insisted that appellee failed to show a demand for return of the automobile while it was in appellant's possession as a prerequisite to institution of a replevin action. While the action was brought in replevin, the complaint also alleged conversion of the car by appellant and the trial proceeded on that theory. H. M. Cooley, counsel for appellee prior to the trial, testified that he showed the conditional sales contract to appellant and requested return of the car while it was still in appellant's possession and that the latter agreed to hold the car until appellee instituted proceedings for possession. In his testimony appellant admitted that Mr.

Cooley advised him of appellee's claim while the car was still in his possession and further stated that he refused to release the car unless he was paid a certain amount. He also testified that he sold the car when appellee would not pay the amount demanded and because he was not sufficiently convinced of appellee's ownership. When the testimony is considered in the light most favorable to appellant, it appears undisputed that appellee demanded possession of the particular car then held by the appellant and which he later sold with full knowledge of appellee's claim. Under the undisputed facts, appellee was entitled to judgment for conversion of the car. *Schwartz* v. *Fulmer,* 214 Ark. 572, 217 S. W. 2d 254.

There are other contentions by appellant to the effect that the trial court erred in failing to give certain instructions. Rule 9 of this court requires that the instructions given and refused shall be set out in the abstract. An assignment of error based on the action of the trial court in refusing to give requested instructions will not be considered on appeal where an appellant has not complied with the rule. *Karatofsky* v. *Fybush Bros.,* 90 Ark. 230, 118 S. W. 1009; *Baker* v. *Boone,* 206 Ark. 823, 177 S. W. 2d 756.

It is finally argued that error was committed in allowing six per cent interest on the value of the car from the date of conversion upon appellee's motion for judgment notwithstanding the verdict. The effect of our holding in *Larimore* v. *Howell,* 211 Ark. 63, 199 S. W. 2d 320, is that where an appellant's claim for relief in connection with a motion for judgment notwithstanding the verdict is based on matters that appear in the evidence, as distinguished from matters that appear on the face of the record or in the pleadings, then the question must be presented in a motion for new trial. The correctness of the court's ruling on appellee's motion for judgment notwithstanding the verdict in the instant case is determinable only from the evidence. Since the motion for new trial contains no assignment of error based on the court's action in granting the motion, the alleged error cannot now be considered.

The action of Mr. Cooley in withdrawing from the trial of the case as counsel for appellee when it became necessary that he appear as a witness is highly commendable. This action is in accord with the canons of ethics of the American Bar Association[1] which this court has adopted as the standard of professional conduct of attorneys.

We find no error, and the judgment is affirmed.

---

[1] The 19th canon provides: "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to another counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."