James M. ELLIS, Jr. *v.* STATE of Arkansas

CA CR 79-66                                590 S.W. 2d 309

Opinion delivered November 7, 1979
Rehearing denied December 12, 1979
Released for publication December 12, 1979

*Michael Dabney,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

Ernie E. Wright, Chief Judge. This appeal to the Ar-

kansas Supreme Court has been assigned to the Court of Appeals pursuant to Rule 29(3).

Appellant was convicted by a jury in the Washington County Circuit Court of aggravated robbery, a class A felony, in violation of Ark. Stat. Ann. § 41-2102, and from the judgment brings this appeal urging three points for reversal, hereinafter separately discussed.

## I.

Appellant contends the court erred in refusing to instruct the jury that, "Self-induced intoxication is an affirmative defense to a prosecution if it negates the evidence of a purposeful mental state."

There was evidence showing appellant had been drinking prior to the alleged robbery and that he was drunk at the time of the alleged robbery.

The appellant took the stand and gave detailed testimony as to his actions and places he drove and people he encountered for several hours spanning the period before and after the alleged burglary. However, his testimony as to how he came into possession of money, over a case of oil, several cartons of cigarettes and other items was rather vague. He testified the station attendant just turned the money and various items over to him, and the next morning he realized what had happened and was planning to return the property after work, and was arrested early that morning.

Appellant offered the following instruction and objected to the court's refusal:

Self-induced intoxication is an affirmative defense to a prosecution if it negates the existence of a purposeful mental state.

The appellant has not set out in his brief the instructions the court gave. Supreme Court Rule 11(f) requires the appellant in all felony cases to abstract such parts of the record as

are material to the points to be argued in his brief. The prior rule requiring the Attorney General to supply an abstract in felony cases no longer obtains. Rule 11(f) provides that when the sentence is death or life imprisonment, the court reviews all errors prejudicial to the appellant, but the objections are to be abstracted. Since appellant has not set out or abstracted in his brief the instructions that were given by the court, the court does not consider the asserted error. A proper consideration of the asserted error requires that the court have before it in the brief the instructions given by the court. Here, the appellant has failed to include in his brief all of Instruction No. 9 and has set out only the one sentence to which he objects. He has set out none of the other instructions given. Under these circumstances the established rule is that on appeal the court assumes the jury was properly instructed.

Since Rule 11(f) now requires the appellant in felony cases in which the punishment is not death or life imprisonment to abstract the material parts of the record, the same rule now applies to such cases as the court has applied in misdemeanor cases in considering assignments of error in the giving or refusing of an instruction. The court does not consider the assigned error absent an abstract of the instructions given, and will assume the jury was properly instructed. *Chapman* v. *State,* 201 Ark. 91, 143 S.W. 2d 575 (1940), *State* v. *Baker,* 209 Ark. 896, 192 S.W. 2d 977 (1946), *Branton* v. *State,* 214 Ark. 861, 218 S.W. 2d 690 (1949).

Ark. Stat. Ann. § 43-2725 (Act 333 of 1971) provides the court on appeal need only review those matters briefed and argued by the appellant except in cases in which the punishment is life sentence or death.

The law on the necessity for setting out in the brief the instructions given in order to obtain review of an asserted error in the giving or refusing of an instruction has long been settled in misdemeanor and civil cases.

In *Greenville Stone & Gravel Co.* v. *Chaney,* 129 Ark. 96, (1917), the court said:

It appears that the court gave thirteen instructions to the

jury. Error is assigned by counsel for the defendant to the action of the court in giving three of these instructions. None of the instructions given by the court are set out in his abstract except those to which objections are made. The instructions should always be set forth in full, and a failure to do so invokes the presumption that correct instructions were given curing those complained of, if they are curable. (Other cases cited.)

This rule has been followed for many years. *Strickland v. Quality Bldg. & Security Co.,* 220 Ark. 708, 249 S.W. 2d 557 (1952).

In *Bank of Ozark* v. *Isaacs et al,* 263 Ark. 113, 563 S.W. 2d 707 (1978), the court explained in detail the necessity for the rule requiring that the brief contain an abstract of all matters from the record necessary for considering an asserted error.

The Arkansas rule has been followed in misdemeanor and civil cases of requiring the instructions to be briefed when error is assigned for the giving or refusing of an instruction, which rule should now be followed in felony criminal cases in view of Ark. Stat. Ann. § 43-2725, is in accord with the rule of the Illinois Supreme Court as announced in *People* v. *Tabet, et al,* 402 Ill. 93, 83 N.E. 2d 329 (1949). In the opinion upholding a felony conviction the court said:

The abstract does not recite that the instructions as therein enumerated are all of the instructions which were given or tendered on behalf of plaintiffs in error or the People. The supreme court is not called upon to consider an assignment of error based upon the giving or refusing of instructions where the abstract does not show the above information.

The appellant sought review in the United States Supreme Court and certiorari was denied. 336 U.S. 970, 69 S. Ct. 933 (1949).

What we have said is dispositive of the issue raised under Point I; however, we point out the instruction is

substantially the language of Ark. Stat. Ann. § 41-207(1) as it existed prior to Act No. 101 of 1977 which eliminated self-induced intoxication as a statutory defense. While self-induced intoxication appears to remain a common law defense to a crime in which an essential element is that the act be done knowingly or purposefully, the defendant has the burden of establishing the defense by a preponderance of the evidence. The instruction offered contained no provision as to the burden of proof. *Johnson & Keeling* v. *State,* 259 Ark. 773, 536 S.W. 2d 704 (1976). The instruction was also abstract and was not directed specifically to whether the defendant was so intoxicated at the time of the act that he was incapable of acting purposefully.

## II.

It is contended the court erred in not granting appellant's motion for directed verdict.

The prosecuting witness testified appellant came to the service station the witness was operating, held something in his hand pointing at him and told him he had a gun, told him he had killed a "guy" in Winslow, and told him to put more than a case of oil and ten cartons of cigarettes in his car and other items and to give him all the money he had, $270.00. The witness testified he was scared, could not tell if appellant had anything in his hand and complied with the demand. The police recovered some of the property and money. The appellant took the stand and gave a detailed account of his actions, places he drove and people he encountered for several hours before and after the alleged robbery. He admitted being at the station allegedly robbed and obtaining possession of the money and other items, but claimed the witness gave the money and property to him. He testified he started drinking about noon before the incident which occurred about 8:00 to 9:00 o'clock that night. There was other evidence that he had been drinking before the incident, and testimony of one witness that sometime after the incident he was "totally drunk". He testified the next morning upon realizing what had happened he planned to take the property and money back after he got off work that day. He was arrested at a cafe early the next morning.

We conclude there was evidence that appellant took the

property and money from the prosecuting witness by threats and representing by word and conduct that he had a gun. There was substantial evidence to support the verdict. *Balentine* v. *State,* 259 Ark. 590, 535 S.W. 2d 221 (1976).

## III.

Appellant contends the court erred in refusing to instruct the jury as to the lesser assault instruction offered by the defendant.

The abstract does not set out any instruction appellant here asserts was offered and refused. We, therefore, do not consider the asserted error.

Affirmed.

Hays, Penix and Newbern, JJ., dissent.

David Newbern, Judge, dissenting. I cannot agree with point one in the prevailing (there is no majority) opinion. I believe the trial judge should have instructed the jury on the defense of intoxication. When viewed as a whole, the instructions given actually misled the jury because they mentioned that intoxication is not generally a defense to prosecution for a crime, but failed to say it might be a defense to a crime requiring a specific intent.

The prevailing opinion does not deal so much with the merits of this problem as with the fact that the appellant abstracted only the refused instruction and one of the instructions given by the court. The prevailing opinion takes the position the appellant may not object to the failure to give requested instructions unless all of the instructions given by the court have been abstracted. The basis of this holding seems to be that by amending Rule 11 (f) in 1975 (see 258 Ark. 770-H) to place the responsibility in felony cases on appellants, rather than on the Attorney General, to abstract the record, the Supreme Court intended to invoke all the prior decisions on abstracting the record in civil and misdemeanor cases. The Supreme Court has never held anything like that. Nor has it made any such statement. For us to

do so in this case exalts form over substance to an intolerable degree. Given the authorities cited in the prevailing opinion, it is also completely unnecessary.

Before dealing with the Arkansas authorities cited in the prevailing opinion, it would be well to consider the Illinois case cited, *The People* v. *Tabet,* 402 Ill. 93, 83 N.E. 2d 329 (1949), and the implication left by the prevailing opinion that denial of certiorari by the U.S. Supreme Court in that case somehow amounts to approval of its holding. In that case, the statement is made that the court could not tell from the abstract whether the instructions enumerated were all of the ones tendered to or given by the court. The problem perceived by the Illinois Supreme Court was not the lack of abstracted instructions, but the failure to say that they were all of the ones given *or tendered.*

The prevailing opinion here does not suggest that there is any rule in Arkansas which requires a person appealing a conviction to make such a declaration. Perhaps it would be well to institute a rule requiring an appellant, such as the one in this case, to say the instructions abstracted are all of the ones relevant to the point in issue which were tendered to or given by the court. We have not done so.

At any rate, the real problem in the *Tabet* case was not the failure to abstract instructions. Rather, it was the court could not determine by looking to the abstract or the record or both how or by whom certain instructions had been modified, and it could not tell by whom certain instructions were tendered. Thus, the statement quoted in the prevailing opinion is only dictum and not very persuasive at that.

Of course, denial of certiorari by the U.S. Supreme Court is meaningless in view of the completely discretionary nature of the writ in these circumstances. See, Wright, Miller and Cooper, *Federal Practice and Procedure,* § 3504 (1975). A better indication of the U.S. Supreme Court's attitude on this matter is its own Appellate Rule 30 (a), which deals with appendices to briefs filed there which are comparable to our own abstracts. That section of the rule concludes as follows: ''The fact that parts of the record are not included

in the appendix shall not prevent the parties from relying on such parts." *F.R. App. P.* 30(a).

Moving on to the prevailing opinion's citation of Arkansas authorities, the only criminal cases cited on this point in the prevailing opinion are *Chapman* v. *State,* 201 Ark. 91, 143 S.W. 2d 575 (1940); *State* v. *Baker,* 209 Ark. 896, 192 S.W. 2d 977 (1946); and *Branton* v. *State,* 214 Ark. 861, 218 S.W. 2d 690 (1949). In the *Baker* and *Branton* cases, there was no issue with respect to instructions. *Baker* dealt with a failure to abstract testimony and *Branton* with failure to argue points for reversal. In the *Chapman* case, the appellant objected to instructions given by the court but abstracted none of them. These were all misdemeanor convictions appealed long before the 1975 amendment to the rule. They are hardly authority for the assertion that, even in misdemeanor cases, where the appellant argues failure to give an instruction he must abstract all of the instructions given by the court.

On the civil side, the prevailing opinion cites *Strickland* v. *Quality Bldg. & Security Co.,* 220 Ark. 708, 249 S.W. 2d 557 (1972), a case where the appellant argued error in instructions given but abstracted none of the instructions given or refused. It also cites *Bank of Ozark* v. *Isaacs, et al.,* 263 Ark. 113, 563 S.W. 2d 707 (1978), which dealt with failure to abstract pleadings or judgment. *Greenville Stone & Gravel Co.* v. *Cheney,* 129 Ark. 95, 195 S.W. 13 (1917), however, is a case cited which requires an abstract of instructions which were given as a predicate for arguing on appeal that requested instructions were improperly refused. In that case, no supreme court rule was cited. Even if Rule 9 (f) imposes the requirement (and it does not say so) in civil cases, that does not settle the matter for criminal cases.

There is just too much at stake in criminal cases for the system to impose such a rigid requirement. We clearly are not called on to impose it by the literal language of the rule, and yet we seem to be imposing it because of a questionable analogy to civil cases which the prevailing judges have been stimulated to make because of a revision of the applicable rule. Before 1975, an appellant who was convicted of a

felony had no responsibility for abstracting the record. The state was required to do it all. *Hughes & Bridges* v. *State*, 249 Ark. 805, 461 S.W. 2d 940 (1971); *Mosley* v. *State*, 255 Ark. 536, 501 S.W. 2d 225 (1973). It simply does not follow that because the rule has been amended to require an abstract by such an appellant, the requirement is the same as in civil cases. The language of the new Rule 11 (f) is similar to that of Rule 9 (f), but the history of Rule 11 (f) is obviously very different, and even if the abstracting requirement is apposite for civil cases under Rule 9 (f), that does not necessitate that Rule 11 (f) be construed the same way.

It is enough if the appellant furnishes an abstract of the record which is sufficient to permit us to make an informed decision. It would be foolhardy to require an appellant to abstract instructions which are in no way relevant to the area of law as to which he requested an instruction and was refused, especially when the appellee has an opportunity to abstract in its brief any instruction which it feels cured the problem raised by the appellant.

In the case before us, however, there is another reason for not holding the appellant to such a rigid abstracting standard. The appellee included in its brief all of the instructions given at the trial which related to the point in issue. Thus, even if we were to impose the strict rule drafted by the prevailing judges out of whole cloth (or at least out of civil cases cloth), this would be a very poor case in which to do it.

The only item of any substance in the prevailing opinion's treatment of the merits of the instruction which was requested and refused is that it was incomplete because it did not mention the "burden of proof." For that point, the case of *Johnson & Keeling* v. *State*, 259 Ark. 773, 536 S.W. 2d 704 (1976), is cited. That case was one where an accused requested an instruction which contained an assumption that a certain person was an accomplice, and the evidence had raised a question of fact whether he was or was not. The holding was that the instruction requested was erroneous. The case says nothing, and certainly does not reach such a holding, to the effect that a requested instruction dealing with an affirmative defense to a crime must specify that the

defendant has the burden of proof. Had the court decided to give the instruction requested by the appellant here, such an instruction on the burden of proof would have been appropriate, but to say the instruction requested was incomplete without it puts the shoe on the wrong foot. No doubt such an instruction on the burden of proof of an affirmative defense raised by the defendant could have been requested by the state. It might have been appropriate for the court to have worked it in to its other instructions on the general burden of proof in a criminal case. This reference to tailoring instructions brings us to the merits of the requested instruction and the trial court's refusal to give it.

As pointed out in the prevailing opinion, there was plenty of evidence the appellant took the property while "representing by word or conduct" that he was armed. Under those conditions, robbery becomes aggravated robbery. Ark. Stat. Ann. § 41-2102 (1) (a) (Supp. 1979). A part of that offense is, of course, the commission of robbery. According to Ark. Stat. Ann. § 41-2103 (1) (Repl. 1977), "[a] person commits robbery if *with the purpose* of committing theft . . . he . . . threatens to immediately employ physical force upon another." (Emphasis added.) Substantial, competent evidence showed the defendant threatened a service station attendant with immediate bodily harm if he would not turn over money and merchandise to the appellant. The station attendant said the appellant made him believe he had a weapon, and the appellant spoke of being a two time loser and how "another murder" would not matter. Although the strong evidence that the appellant committed these acts was important to the jury, it is not important here, where we can see equally strong evidence he was intoxicated before, during and after the commission of the offense, and the question on appeal is whether he was entitled to the requested instruction.

There is no doubt that aggravated robbery is a "specific intent" crime, and the appellee does not argue it is not. The Arkansas Supreme Court made it clear in *Varnedare* v. *State,* 264 Ark. 596, 573 S.W. 2d 57 (1978), that the burglary statute, Ark. Stat. Ann. § 41-2002 (1) (Repl. 1977), which contains the same "with the purpose" phrase, is one involv-

ing specific intent which is subject to negation by evidence of intoxication. Thus, in this case where there was strong evidence of intoxication, it was clearly and appropriately raised as a defense. It certainly was raised sufficiently to warrant an instruction.

Counsel for the appellant asked the following instruction be given:

Self-induced intoxication is an affirmative defense to a prosecution if it negates the existence of a purposeful mental state.

The court refused to give the instruction over the objection of the appellant's counsel. The record does not show the reason it was refused.

The following instructions dealing with intent were given:

Intoxication that is self-induced is no defense to prosecution of a crime:

Intoxication means a disturbance of mental or physical capacities resulting from the introduction of alcohol, drugs or other substances into the body.

Self-induced intoxication means intoxication caused by a substance which the actor knowingly introduces into the body, the tendency of which to cause intoxication he knows or ought to know.

Requirements of culpability: (1) A person does not commit an offense unless his liability is based on conduct that includes a voluntary act or the omission to perform an act which he is physically capable of performing. (2) A person does not commit an offense unless he acts with a culpable mental state with respect to each element of the offense that requires a culpable mental state. In other words, the State must prove the defendant intended to do what he did and that he actually did each of those, either theory that you might take.

Each of the statements made by the court in the instructions quoted above is correct in the abstract, but a juror looking at them together would reasonably have concluded he or she should allow the strong evidence of intoxication to play no part in the determination of the guilt or innocence of the accused. The abstracts and briefs are ample to show this misstatement of the law.

Some temporary confusion might have resulted from the repeal, in 1977, of Ark. Stat. Ann. § 41-207 (1), which provided:

> Self-induced intoxication is an affirmative defense to a prosecution if it negates the existence of a purposeful or knowing mental state.

However, the Arkansas Supreme Court averted the confusion by quickly pointing out in the *Varnedare* case, *supra,* that the repeal of the statute had the effect of reinstating the common law. At common law, in Arkansas, voluntary intoxication has been a defense to crimes requiring a specific intent. The chain of cases making it so began with *Wood* v. *State,* 34 Ark. 341 (1879). The last of the common law chain of cases citing *Woods* v. *State, supra,* was *Olles and Anderson* v. *State,* 260 Ark. 571, 542 S.W. 2d 755 (1976), where it was held the question of intoxication sufficient to negate the intent to steal should have gone to the jury.

The argument presented by the appellee here in support of its contention the instruction requested by the appellant should not have been given is that it was defective because it referred to the defense as an "affirmative" one. How the use of that term could have been prejudicial to the state is difficult to see. Whether the defense is affirmative or not is hardly crucial where the evidence supports it. Even if we felt obliged to give serious consideration to this criticism of the instruction, however, we find the criticism to be incorrect. In the *Varnedare* case, *supra,* (264 Ark. at p. 599) the Arkansas Supreme Court specifically mentioned that the common law intoxication defense in the *Olles* case, *supra,* "was raised as an affirmative defense."

Although we are not required to look for errors in the rejected instruction which are not argued by the appellee, I have done so, and I find none. Obviously, the instruction is abstract, but certainly no more abstract than the first of the above-quoted instructions given by the court which the appellee argues was a correct statement of the law. The appellant's counsel apparently was trying to word the instruction as carefully as possible to assure it would be given by the court. He was laboring under some handicap due to the revision in the law mentioned above and the resultant lack of an Arkansas model instruction which could have been submitted. See, *AMCI*, p. 285, Comment to § 4005.

Although it might be said that the court would have confused the jury had it instructed that voluntary intoxication is not a defense to prosecution and then said voluntary intoxication is a defense to a crime which requires a mental purpose or specific intent, such an assertion requires one to close one's eyes to the practice and the practical need for the court to explain seeming inconsistencies to the jury. The appellant was entitled to have his theory of the case presented to the jury. He requested an instruction which was not an incorrect statement of the law in any way and and which was supported by substantial evidence. *Lighter* v. *State,* 157 Ark. 261, 247 S.W. 1065 (1923). This rather simple statement does not require further buttressing, but because of the factual similarity and the language used in the opinion, *Johnson* v. *People,* 145 Colo. 314, 358 P. 2d 873 (1961), is cited. There the Colorado Supreme Court reversed a conviction for aggravated robbery because the lower court failed to give an instruction on a defense asserted by the defendant. Evidence was produced tending to show the defendant had withdrawn from a conspiracy to commit the offense sometime before it was committed. The defendant offered an instruction which his counsel asserted covered their theory of the case.

It was refused by the trial court and no instruction was given which directed the attention of the jury to any particular theory of defense relied on by defendant. . . . While the instruction tendered on behalf of the defendant did not specifically deal with this theory of defense,

it was nevertheless involved in the tendered instruction. It is apparent from the record that defendant relied on the evidence . . . that he abandoned the plot to commit a burglary. . . .

It is axiomatic that the accused in a criminal case is entitled to an instruction based on his theory of the case. [358 P. 2d at 876]

The burden of this dissent is not to say that a trial court has a duty to instruct on a theory of defense as to which no instruction is requested. Rather, it is to say that he or she has a clear obligation to give correct, requested instructions in a way which will assist the jury in applying the law to the evidence. The court could easily have done so hereby explaining that although intoxication does not excuse criminal conduct, generally, when prosecuted for certain crimes, such as aggravated robbery, an accused may not be convicted unless found to have had a specific intent (here the intent to steal), and that if the accused is found to have been so intoxicated as to have been unable to have formed that intent, he is not guilty of the offense charged. The instruction requested by the appellant was not the only or best way to instruct the jury. However, it was not an incorrect instruction, and it could have been and should have been tailored so that when combined with other correct statements of the law the jury would have been able to do its job and the appellant would not have been deprived of his right to have the jury evaluate his defense.[1]

For the foregoing reasons, I respectfully dissent, and I am authorized to say Judges Hays and Penix join in this dissenting opinion.

---

[1] For good discussions of the jury instruction duty of a trial court, see, Note, 1963 *Wash. U. L. Q.* 353 (1963), and Robinson, *A Proposal for Limiting the Duty of the Trial Judge to Instruct the Jury Sua Sponte,* 11 *San Diego L. Rev.* 325 (1974). In the latter article, the author presents a thorough, nationwide study of the requirement that a trial judge instruct the jury even absent instructions requested by the parties. The position he takes is that a court should not be required to instruct *sua sponte,* with certain exceptions. One of the exceptions is that the judge should be required at least to instruct which party has the burden of proof on any issue raised by the evidence in the case and what that burden requires. 11 *San Diego L.R.* at p. 349.